HERMAN LAW
5200 Town Center Circle, Suite 540
Boca Raton, Florida 33486
Jeff Herman
(pending *pro hac vice* admission)
Daniel Ellis
California Bar No. 298639
dellis@hermanlaw.com
Arick Fudali
California Bar No. 296364
afudali@hermanlaw.com
Tel: (305) 931-2200
Fax: (305) 931-0877

*Attorneys for Plaintiff, Dominique Huett*

**FILED**
Superior Court of California
County of Los Angeles

**OCT 24 2017**

Sherri R. Carter, Executive Officer/Clerk
By _____ Marlon Gomez _____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

DOMINIQUE HUETT,

    Plaintiff,

vs.

THE WEINSTEIN COMPANY LLC,

    Defendant.

CASE NO: **BC680869**

**CIVIL COMPLAINT ALLEGING DAMAGES FOR NEGLIGENCE**

**DEMAND FOR JURY TRIAL**

## PARTIES AND JURISDICTION

1. Plaintiff Dominique Huett is a citizen and resident of New York.

2. Defendant The Weinstein Company LLC (hereinafter referred to as "TWC") is a Delaware limited liability company whose principle place of business is in New York, New York.

3. Venue properly lies in this county in that Defendant regularly conducts business in this county, and the torts described herein were committed in this county. This Court has

CIT/CASE: BC680869
LEA/DEF#:

RECEIPT #: CCH621759056
DATE PAID: 10/24/17  01:09 PM  010
PAYMENT: $435.00
RECEIVED:
    CHECK:   $435.00
    CASH:    $0.00
    CHANGE:  $0.00
    CARD:    $0.00

10/24/2017

jurisdiction in that this is a claim for damages of not less than $5 million, well in excess of the jurisdictional minimum of $25,000.

## FACTUAL ALLEGATIONS

4. In or about November 2010, Plaintiff Dominique Huett and Harvey Weinstein arranged to meet each other at The Peninsula Beverly Hills hotel in Beverly Hills, California. Plaintiff was an aspiring actress at the time and the purpose of the meeting was to discuss Weinstein's offer to assist Plaintiff in procuring future television and/or film roles. The communications to arrange this meeting included e-mails from the e-mail address of Weinstein's assistant at TWC.

5. Plaintiff and Weinstein initially met at the bar of The Peninsula hotel, where they discussed Weinstein's interest in assisting Plaintiff with her acting career. During their conversation, Plaintiff noticed Weinstein staring at her breasts. Weinstein asked Plaintiff is she had ever had a "boob job" and asked her to show him her breasts. Plaintiff refused and was made uncomfortable by the question and the request. However, Weinstein informed Plaintiff that the purpose of the questioning was that it would be beneficial for securing future roles if she did not have breast augmentation.

6. At some point during their conversation, Weinstein, who was at the time living at the hotel, invited Plaintiff to his room under the guise of continuing their business meeting. Plaintiff agreed to move the meeting to his hotel room, believing they were to continue their discussion regarding her career.

7. While in Weinstein's room, the two continued their conversation regarding Plaintiff's career. At some point, Weinstein excused himself to use the restroom. After several minutes, Weinstein returned from the restroom wearing only a bathrobe.

8. Upon returning, Weinstein asked Plaintiff to perform a massage on him. Plaintiff said, "No," and that she did not feel comfortable by his request. However, Weinstein persisted and would not take "no" for an answer. Weinstein laid on the bed and demanded that Plaintiff perform a massage on him. Plaintiff ultimately complied with his demands and performed the massage.

9. Subsequently, Weinstein requested to perform oral sex on Plaintiff. Plaintiff was shocked and alarmed by the request and initially refused. Again, Weinstein displayed persistence and would not take "no" for an answer. Weinstein initiated and Plaintiff froze as Weinstein removed her clothing and performed oral sex on her. Weinstein performed oral sex on Plaintiff for several minutes. After performing oral sex on Plaintiff, Weinstein masturbated in front of Plaintiff until he reached orgasm.

10. At some point during their communications, Weinstein gave Plaintiff the contact information for an executive producer with *Project Runaway*, a television program produced by Defendant, and offered to secure a role for Plaintiff on the program.

11. Prior to the incident involving Plaintiff, Defendant TWC's executives, officers and employees had actual knowledge of Weinstein's repeated acts of sexual misconduct with women. In particular, Defendant was aware of Weinstein's pattern of using his power to coerce and force young actresses to engage in sexual acts with him. This knowledge was possessed by Defendant's Board of Directors including, upon information and belief, Bob Weinstein.

12. Upon information and belief, Defendant was aware of allegations of sexual misconduct against Weinstein going back to the 1990s. Upon information and belief, prior to the incident involving Plaintiff, Defendant was aware of multiple claims of sexual misconduct

which were settled with the victims prior to the filing of suit. This knowledge was possessed by Defendant's Board of Directors including, upon information and belief, Bob Weinstein.

13. Prior to the incident involving Plaintiff, Defendant often aided and abetted Weinstein in the commission of his sexual misconduct. For example, female Weinstein Company employees were often used as "honeypots" to lure his victims into a false sense of security. The "honeypots" would initially join a meeting along with a woman Weinstein was interested in, but then Weinstein would dismiss them, leaving him alone with the woman.

14. Plaintiff did not discover, and a reasonable and diligent investigation would not have disclosed, that prior to her incident Defendant was aware of numerous allegations of sexual misconduct involving Weinstein. Upon information and belief, the allegations of sexual misconduct involving Weinstein that Defendant was aware of were subject to nondisclosure agreements and/or confidential settlements, and were otherwise only known inside TWC. Upon information and belief, the nondisclosure agreements and/or confidential settlements legally prohibited Defendant TWC, Weinstein, and the victims of the sexual misconduct from discussing the allegations and Defendant's knowledge thereof. As such, even if Plaintiff had conducted a timely and reasonable investigation, she could not have discovered Defendant's prior knowledge of Weinstein's sexual misconduct. Plaintiff was unable to discover Defendant's knowledge of Weinstein's propensity to engage in sexual misconduct until the story of Weinstein's pattern of sexual misconduct with young actresses broke in October 2017.

## COUNT I
(Negligence)

15. Plaintiff repeats and realleges the allegations in paragraphs 1 through 14 above.

16. At all relevant times, Defendant owed a duty to use reasonable care in the retention and supervision of its employee Harvey Weinstein.

17. This included a duty to control Weinstein in his interactions with women during meetings taking place within the course and scope of his employment in order to prevent foreseeable harm.

18. Prior to the sexual misconduct with Plaintiff, Defendant knew or had reason to believe Weinstein was likely to engage in sexual misconduct with women he came into contact with during the course and scope of his employment. In particular, upon information and belief, Defendant knew or should have known that Weinstein would lure young aspiring actresses into compromising situations under the guise of business meetings. Prior to the incident involving Plaintiff, Defendant's Board of Directors possessed knowledge of Weinstein's propensity to engage in sexual misconduct. Knowledge of Weinstein's propensity to engage in sexual misconduct was additionally possessed by Defendant's executives, officers and employees. At all relevant times Defendant's Board of Directors maintained a supervisory position over Weinstein.

19. By possessing knowledge of Weinstein's prior sexual misconduct, Defendant knew or should have known that Weinstein was unfit and that this unfitness created a particular risk to others.

20. Defendant did not act in a reasonable manner by failing to terminate Weinstein and instead continued to allow him to meet with prospective actresses in private areas with the knowledge that there was a substantial likelihood for sexual misconduct.

21. Weinstein's meeting with Plaintiff at the Peninsula hotel occurred within the course and scope of his employment. The contact between Plaintiff and Weinstein was generated by the employment relationship between Defendant and Weinstein.

22. Defendant's negligence in supervising and/or retaining Weinstein was a substantial factor in causing Plaintiff's harm.

23. It was foreseeable that Weinstein would engage in sexual misconduct if Defendant continued to allow Weinstein to have private business meetings with actresses. At all relevant times, Defendant knew Weinstein was using his power and position to coerce women into engaging in sexual contact and knew that this sexual misconduct would cause harm.

24. Defendant failed to institute corrective measures to protect women coming into contact with Weinstein, including Plaintiff, from sexual misconduct despite the Board of Directors possessing actual notice of Weinstein's sexually inappropriate behavior. Such acts and omissions demonstrate a conscious disregard of the safety of others. The Board of Directors was aware of the probable dangerous consequences of failing to remove or adequately supervise Weinstein. In failing to do so, Defendant acted with actual malice and with conscious disregard to Plaintiff's safety.

25. As a direct and proximate result of Defendant's negligence, Plaintiff was a victim of Weinstein's sexual misconduct. The sexual misconduct has caused Plaintiff to suffer continuing, severe and permanent psychological and emotional issues, and the loss of enjoyment of life.

## PRAYER FOR RELIEF

26. General damages in an amount to be shown according to proof at the time of trial.

27. Special damages including medical and psychological care expenses in an amount to be shown according to proof at the time of trial.

28. Punitive and exemplary damages in an amount appropriate to punish or set an example of Defendant.

29. Costs of suit.

30. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this action.

Dated: Oct. 24, 2017

HERMAN LAW

By: _____
Daniel Ellis
California Bar No. 298639
dellis@hermanlaw.com
Arick Fudali
California Bar No. 296364
afudali@hermanlaw.com
Jeff Herman
(pending *pro hac vice* admission)
*Attorneys for Plaintiff*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Daniel G. Ellis, Esq., CA Bar No. 298639<br>HERMAN LAW<br>5200 Town Center Circle, Suite 540<br>Boca Raton, Florida 33486<br>TELEPHONE NO.: (305) 931-2200   FAX NO.: (305) 931-0877<br>ATTORNEY FOR (Name): Dominique Huett, Plaintiff | FILED<br>Superior Court of California<br>County of Los Angeles<br><br>OCT 24 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____ Deputy<br>Marlon Gomez |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Dominique Huett v. The Weinstein Company LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC680869 |
|---|---|---|
| [✔] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [✔] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✔] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties           d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                    in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence               f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✔] monetary  b. [ ] nonmonetary; declaratory or injunctive relief   c. [✔] punitive
4. Number of causes of action (specify):
5. This case [ ] is [✔] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 24, 2017
Daniel G. Ellis
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

FAX FILE

| SHORT TITLE: Dominique Huett v. The Weinstein Company LLC | CASE NUMBER BC680869 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☒ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| LACIV 109 (Rev 2/16)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | Local Rule 2.3<br>Page 1 of 4 |
|---|---|---|

| SHORT TITLE: Dominique Huett v. The Weinstein Company LLC | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

Row labels (left side): Non-Personal Injury/Property Damage/Wrongful Death Tort; Employment; Contract; Real Property; Unlawful Detainer

LACIV 109 (Rev 2/16)
LASC Approved 03-04
CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION
Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Dominique Huett v. The Weinstein Company LLC | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

| SHORT TITLE: Dominique Huett v. The Weinstein Company LLC | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. ☒11. | ADDRESS: 9882 S. Santa Monica Boulevard |
|---|---|
| CITY: Beverly Hills | STATE: CA | ZIP CODE: 90212 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: October 24, 2017

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.