Paul R. Fine, State Bar No. 53514
Bernadette C. Brouses, State Bar No. 232812
DANIELS, FINE, ISRAEL,
SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807
FINE@DFIS-LAW.COM
BROUSES@DFIS-LAW.COM

Gary Stein (admitted *pro hac vice*)
Brian T. Kohn (admitted *pro hac vice*)
SCHULTE ROTH & ZABEL LLP
919 THIRD AVENUE
NEW YORK, NEW YORK 10022
TELEPHONE (212) 756-2000
FACSIMILE (212) 593-5955
GARY.STEIN@SRZ.COM
BRIAN.KOHN@SRZ.COM

Attorneys for Defendant Robert Weinstein

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE HUETT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THE WEINSTEIN COMPANY LLC, BOB WEINSTEIN AND HARVEY WEINSTEIN,<br><br>　　　　Defendants. | Case No. 2:18-cv-06012-SVW-MRW<br><br>**DEFENDANT ROBERT WEINSTEIN'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[28 U.S.C. § 1404]<br><br>Hon. Stephen V. Wilson<br><br>**Hearing**<br>Date: October 15, 2018<br>Time: 1:30 p.m.<br>Courtroom: 10A |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE WILSON, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on October 15, 2018 at 1:30 p.m. in Courtroom 10A of the above-titled Court, Defendant Robert Weinstein ("Mr. Weinstein") respectfully moves this Court for an Order transferring this action to the U.S. District Court for the Southern District of New York ("S.D.N.Y.").

Mr. Weinstein's Motion is made on the following grounds:

1. Under 28 U.S.C. § 1404(a), this action should be transferred to the S.D.N.Y., which is a more convenient forum for the parties and witnesses, particularly given that (i) the Complaint expressly pleads that all parties are New York domiciliaries, and (ii) counsel for Plaintiff is representing another individual in a virtually identical action currently pending in the S.D.N.Y. before the Honorable Robert W. Sweet, who already has issued a decision extensively analyzing certain the same legal issues presented by the Complaint filed in this action.

This Motion is made following several telephone conferences between Mr. Weinstein's counsel and Plaintiff's counsel pursuant to Local Rule 7-3, the latest of which took place on August 3, 2018.

Date: September 14, 2018

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP

By: _____
Paul R. Fine
Bernadette C. Brouses

SCHULTE ROTH & ZABEL LLP
Gary Stein
Brian T. Kohn

Attorneys For Defendant Robert Weinstein

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................ ii

I. INTRODUCTION ............................................................................................. 1

II. RELEVANT FACTS ......................................................................................... 1

III. LEGAL ARGUMENT ....................................................................................... 3

    A. THIS ACTION SHOULD BE TRANSFERRED
        TO THE SOUTHERN DISTRICT OF NEW YORK ........................... 3

        1. This Action Properly Could Have Been
           Brought in the Southern District of New York. ........................... 4

        2. The Interests of Convenience and Justice Support Transfer ........ 5

           a. Transfer to the S.D.N.Y. Would Be
              More Convenient for the Parties and Witnesses ................ 5

           b. Judicial Economy and the Interests of Justice
              Weigh in Favor of Transfer to the S.D.N.Y. ..................... 7

IV. CONCLUSION .................................................................................................. 8

## TABLE OF AUTHORITIES

**Cases**                                                                   **Page(s)**

*Canosa v. Ziff,*
    No. 1:18-cv-04115-PAE (S.D.N.Y.) ...................................................................... 7

*CFTC v. Savage,*
    611 F.2d 270 (9th Cir. 1979) .............................................................................. 4

*Denver & Rio Grande W. R.R. Co. v. Brotherhood of R.R. Trainmen,*
    387 U.S. 556 (1967) ........................................................................................... 5

*Jones v. GNC Franchising, Inc.,*
    211 F.3d 495 (9th Cir. 2000) ........................................................................... 3-4

*Lodestar Anstalt v. Bacardi & Co.,*
    No. 2:16-cv-06411-CAS-FFM,
    2017 WL 1434265 (C.D. Cal. Apr. 21, 2017) .................................................. 6

*Luna v. Wal-Mart Transp. LLC,*
    No. EDCV 18-331 PSG (KKx),
    2018 WL 3569357 (C.D. Cal. July 11, 2018) .......................................... 3, 4, 5

*Mardones v. Lauper,*
    No. CV 17–6440 PA (FFMx),
    2018 WL 1363488 (C.D. Cal. Feb. 23, 2018) ........................................ 3, 4, 6, 7

*Noble v. Weinstein,*
    17-Civ-09260 (RWS),
    2018 WL 3863452 (S.D.N.Y. Aug. 14, 2018) ................................................. 2

*Park v. Dole Fresh Vegetables, Inc.,*
    964 F. Supp. 2d 1088 (N.D. Cal. 2013) ............................................................ 6

*Plascencia v. Lending 1st Mortg.,*
    No. C 07-4485 CW,
    2008 WL 1902698 (N.D. Cal. Apr. 28, 2008) .................................................. 5

*Sloan v. Pfizer, Inc.,*
    No. C 08-1849 SBA,
    2008 WL 4167083 (N.D. Cal. Sept. 8, 2008) ................................................... 6

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

*Stewart Org. v. Ricoh Corp.*,
    487 U.S. 22 (1988) .................................................................................... 4

*Synopsys, Inc. v. Mentor Graphics Corp.*,
    No. C 12-5025 MMC, 2013 WL 1365946, at *7 (N.D. Cal. Apr. 3, 2013) ................ 7

*Young v. Wells Fargo & Co.*,
    No. C 08-3735 SI,
    2008 WL 5245894 (N.D. Cal. Dec. 17, 2008) .......................................... 8

**Statutes**

28 U.S.C. § 1331 ................................................................................................ 4

28 U.S.C. § 1391(b)(1) ..................................................................................... 4

28 U.S.C. § 1404(a) ..................................................................................... 1, 3

**Other Authorities**

Benjamin Mueller & Alan Feuer, *Arrested on Rape Charges, Weinstein Posts $1 Million Bail*, N.Y. Times (May 25, 2018), https://www.nytimes.com/2018/05/25/nyregion/harvey-weinstein-arrested.html .................................. 5

15 Charles Alan Wright, Arthur R. Miller,
    Edward H. Cooper, Federal Practice & Procedure (4th ed. 2013) .............. 7, 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action—asserting an array of claims under a federal statute penalizing commercial sex trafficking (and a single common law negligence claim against one Defendant)—was brought by a New York resident, plaintiff Dominique Huett ("Plaintiff"), against a New York-based company and its two-founders, also alleged to be New York residents. Given that all parties are domiciled in New York, the convenience of the parties and witnesses, as well as the interests of justice, all would be best served by transferring it to the Southern District of New York ("S.D.N.Y.").

Indeed, the same Florida-based counsel that brought this action previously filed a nearly identical action, asserting the same causes of action for alleged sex trafficking on behalf of a different plaintiff in the S.D.N.Y. against all three Defendants in this action—Harvey Weinstein, The Weinstein Company ("TWC"), and Mr. Weinstein. In that action, pending before Judge Robert W. Sweet, the Court already has ruled on motions to dismiss filed by Mr. Weinstein and Harvey Weinstein.

To be sure, Plaintiff's First Amended Complaint (the "Complaint") does allege that Plaintiff was assaulted by Harvey Weinstein in a Beverly Hills hotel. But that is literally the only connection between this dispute and California. Even the non-party witnesses in the action are likely to be in New York given that New York is where TWC was headquartered.

In sum, because (i) all parties and likely all witnesses are domiciled in New York, and (ii) Judge Sweet already has analyzed virtually identical allegations and claims against the same Defendants, transfer under 28 U.S.C. § 1404(a) to the S.D.N.Y. would both serve the convenience of the parties and promote judicial economy.

## II. RELEVANT FACTS

The Complaint alleges that Plaintiff, as well as Defendants Harvey Weinstein and Mr. Weinstein, are New York residents [Compl. ¶¶ 1, 3, 4], and that TWC is a Delaware limited liability company with its principal place of business in New York [*Id.* ¶ 2]. The Complaint describes a single interaction between Plaintiff and Harvey Weinstein in a Beverly Hills hotel in November 2010. [*Id.* ¶ 11.] However, beyond that alleged assault, the Complaint offers no other factual allegations in any way relating to California.

Less than a month after this case was initially filed in state court, Plaintiff's counsel, who are based in Florida, filed an action in the S.D.N.Y. on behalf of another individual, Kadian Noble, against Mr. Weinstein, as well as TWC, Weinstein Company Holdings, LLC, and Harvey Weinstein. That action, captioned *Noble v. Harvey Weinstein*, No. 1:17-cv-09260-RWS, and pending before Judge Sweet, asserted the very same claims under the Trafficking Victims Protection Act (the "TVPA")—based on the very same theories—that Ms. Huett has asserted here.

On August 14, 2018, Judge Sweet issued his decision granting Mr. Weinstein's motion to dismiss for failure to state a claim and denying Harvey Weinstein's motion to dismiss. *See Noble v. Weinstein*, No. 17 Civ. 9260-RWS, 2018 WL 3863452, at *12-15 (S.D.N.Y. Aug. 14, 2018) (finding complaint's allegations—virtually identical to those pleaded here—insufficient to support claims against Mr. Weinstein for participating in a sex trafficking venture and aiding and abetting commercial sex acts).[1]

---

[1] TWC and Weinstein Company Holdings, LLC remain subject to an automatic stay in connection with TWC's bankruptcy proceedings and, therefore, have not yet responded to the complaint.

2

DEFENDANT ROBERT WEINSTEIN'S MOTION TO TRANSFER VENUE

## III. **LEGAL ARGUMENT**

### A. THIS ACTION SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK.

This Court should transfer this action under 28 U.S.C. § 1404(a) to the S.D.N.Y., where (i) all parties are alleged in the Complaint to reside, and (ii) Judge Sweet is presiding over the virtually identical *Noble* action, which was brought by Plaintiff's counsel against the same Defendants named here.

A district court may "[f]or the convenience of parties and witnesses, in the interest of justice, … transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In considering a motion to transfer under §1404(a), the Court must first make a threshold determination of whether the action initially could have been brought in the proposed transferee court. *See, e.g., Luna v. Wal-Mart Transp. LLC*, No. EDCV 18-331 PSG (KKx), 2018 WL 3569357, at *2 (C.D. Cal. July 11, 2018). Once this threshold question is answered in the affirmative, the Court then must analyze whether the convenience of the parties and witnesses, and the interests of justice, weigh in favor of transfer. *See id.* at *2-5; *see also Mardones v. Lauper*, No. CV 17–6440 PA (FFMx), 2018 WL 1363488, at *2-4 (C.D. Cal. Feb. 23, 2018). Courts in the Ninth Circuit may weigh any of the following factors in deciding whether to transfer an action:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).[2] As set forth below, this action properly could have been filed in the S.D.N.Y., and consideration of the relevant factors strongly weighs in favor of transferring this action there.

### 1. This Action Properly Could Have Been Brought in the Southern District of New York.

An action properly could have been brought in a proposed transferee court if: (i) that court has subject matter jurisdiction, (ii) venue is proper in that court, and (iii) defendants are subject to personal jurisdiction there. *See, e.g., Mardones*, 2018 WL 1363488 at *3 (finding that action "originally could have been brought in the [S.D.N.Y.]"). Here, all three criteria readily are satisfied.

*First*, the S.D.N.Y. plainly has subject matter jurisdiction over Plaintiff's claims based on federal question jurisdiction. Plaintiff has asserted multiple causes of action under the TVPA, a federal statute. *See* 28 U.S.C. § 1331; [Compl. ¶¶ 39-72].

*Second*, venue is proper in the S.D.N.Y., as the Complaint alleges that TWC is headquartered in New York [Compl. ¶ 2] and that Mr. Weinstein and Harvey Weinstein live there [*id.* ¶¶ 3-4]. *See* 28 U.S.C. § 1391(b)(1); *see also Luna*, 2018 WL 3569357, at *2 ("[U]nder 28 U.S.C. § 1391(b)(1), venue is proper in any judicial district in which a defendant resides.").

*Third*, based on the allegations in the Complaint regarding their respective domiciles and corporate headquarters [Compl. ¶¶ 2-4], all Defendants are subject to personal jurisdiction in the S.D.N.Y. Indeed, Plaintiff's counsel brought the virtually identical *Noble* case in the S.D.N.Y. and no Defendant challenged personal

---

[2] Section 1404(a) affords district courts with broad discretion to transfer a case to another district. *See, e.g., CFTC v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) ("Weighing of factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge."). Moreover, district courts must adjudicate motions to transfer "according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

jurisdiction. Thus, this action could have been brought in the S.D.N.Y.

## 2. The Interests of Convenience and Justice Support Transfer.

Next, in considering whether the various factors weigh in favor of transfer, courts in this Circuit consider "the convenience of the parties and the witnesses … the most important factors." *Luna*, 2018 WL 3569357, at *2; *see Denver & Rio Grande W. R.R. Co. v. Brotherhood of R.R. Trainmen*, 387 U.S. 556, 560 (1967) ("[V]enue is primarily a matter of convenience of litigants and witnesses."). Here, the convenience of both the parties and the witnesses weighs strongly in favor of transfer, as do the other factors this Court may consider in deciding this motion.

### a. Transfer to the S.D.N.Y. Would Be More Convenient for the Parties and Witnesses.

This is not a case where "the effect of transfer would be to simply shift the inconvenience from one party to another," *Luna*, 2018 WL 3569357, at *4 (quoting *Plascencia v. Lending 1st Mortgage.*, No. C 07-4485 CW, 2008 WL 1902698, at *9 (N.D. Cal. Apr. 28, 2008)); rather, *all* parties and likely all witnesses in this case are located in or near the S.D.N.Y., making that district plainly more convenient than this forum.

As alleged in the Complaint, Plaintiff is a resident of New York,[3] TWC has its principal place of business in New York, and Mr. Weinstein and Harvey Weinstein are residents of New York and worked for TWC there. [Compl. ¶¶ 1-4.][4] Thus, the

---

[3] At the August 20, 2018 status conference before the Court, Plaintiff's counsel represented that—contrary to the allegation in her Complaint—Plaintiff resides in California. Mr. Weinstein's counsel subsequently spoke with a more senior lawyer at Plaintiff's law firm, who advised us that, to his knowledge, Plaintiff remains a resident of New York. Accordingly, it is Mr. Weinstein's understanding that Plaintiff is still a New York resident.

[4] Moreover, in setting conditions for Harvey Weinstein's release on bail in a criminal case pending against him, a New York court has prohibited Harvey Weinstein from leaving New York or Connecticut. *See* Benjamin Mueller & Alan Feuer, *Arrested on Rape Charges, Weinstein Posts $1 Million Bail*, N.Y. Times (May 25, 2018), https://www.nytimes.com/2018/05/25/nyregion/harvey-weinstein-arrested.html. At the very least, Harvey Weinstein's travel restrictions would cause

S.D.N.Y. is a more convenient forum for *all* parties, including Plaintiff.

Given the Complaint's vague allegations regarding other TWC employees who purportedly knew about Harvey Weinstein's alleged sexual misconduct, to the extent there are relevant *non-party* witnesses, they likely would be former TWC employees, who presumably will be in or around New York. Although Plaintiff alleges she was assaulted by Harvey Weinstein in a Beverly Hills hotel, the Complaint does not make any allegations suggesting the existence of any non-party witnesses to the assault or any other witnesses located in California.

Thus, there can be no reasonable dispute that not only would the S.D.N.Y. be a more convenient forum for the parties and witnesses to this action, but a transfer to that district also would result in a significant reduction in legal expenses, as the parties would no longer need local counsel and would not have to travel for court appearances. *See, e.g., Lodestar Anstalt v. Bacardi & Co.*, No. 2:16-cv-06411-CAS-FFM, 2017 WL 1434265, at *2, *5 (C.D. Cal. Apr. 21, 2017) (finding convenience of witnesses and cost of litigation factors weighed in favor of transfer and explaining that "litigation costs are reduced when venue is located near the most witnesses expected to testify") (quoting *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013)).[5] In short, the "most important" factors—the convenience of parties and witnesses—tilt heavily in favor of transfer.

---

unnecessary delay and waste judicial resources, all of which would be avoided if this action is transferred to the S.D.N.Y.

[5] Relatedly, "the ease of access to evidence can be an important factor in deciding whether to grant a motion to transfer." *Sloan v. Pfizer, Inc.*, No. C 08-1849, 2008 WL 4167083, at *5 (N.D. Cal. Sept. 8, 2008); *see also Mardones*, 2018 WL 1363488 at *5 (that more documentary evidence was located in transferee district weighed in favor of transfer). Here, given the allegations in the Complaint, any document discovery likely would focus on the records of TWC and the other Defendants—most (if not all) of which is located in New York.

### b. Judicial Economy and the Interests of Justice Weigh in Favor of Transfer to the S.D.N.Y.

"[J]udicial economy also supports the transfer of cases to a court that has dealt with the same major issues in other cases." 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3854 & n.7 (4th ed. 2013) (collecting cases); *see Synopsys, Inc. v. Mentor Graphics Corp.*, No. C 12-5025 MMC, 2013 WL 1365946, at *7 (N.D. Cal. Apr. 3, 2013) (granting transfer motion where, among other things, "[t]he District of Oregon has already familiarized itself with issues common to both the Oregon actions and the instant action"); *see also Mardones*, 2018 WL 1363488, at *6 ("The copendency of a closely related litigation in a nearby forum [New York Supreme Court] suggests that transfer of this action to the Southern District of New York may permit a more efficient resolution of the parties' dispute, and it should ease some of the burdens of litigation in this case."). Here, not only the nearly identical *Noble* action, but four other actions seeking redress for Harvey Weinstein's alleged misconduct against the same Defendants as here (among others) are all pending in the S.D.N.Y.[6]

There can be no reasonable dispute that the S.D.N.Y.—the home district of TWC, the company at the center of all Harvey Weinstein-related litigation—has the greatest interest in adjudicating issues relating to the conduct of TWC and its employees. And judges in that district have been doing precisely that. As discussed above, Judge Sweet, in the *Noble* action, already has decided motions to dismiss TVPA claims identical to those at issue here. Additionally, Judge Paul Engelmayer—presiding over another Harvey Weinstein-related case, captioned *Canosa v. Ziff*, No. 1:18-cv-04115-PAE—recently indicated that he plans to work with the other S.D.N.Y. judges adjudicating Weinstein-related matters to make sure

---

[6] *Canosa v. Ziff*, No. 1:18-cv-04115-PAE; *Geiss v. The Weinstein Co. Holdings, LLC*, No. 1:17-cv-09554 (AKH); *Doe v. The Weinstein Co. LLC*, No. 1:18-cv-05414; and *Dulany v. Miramax Film NY, LLC*, No. 1:18-cv-4857 (AKH).

the various cases are being "managed efficiently." [*Canosa*, July 25, 2018 Oral Argument Tr. at 11-12.][7]

While some deference is owed to a plaintiff's choice of forum, "[w]here a plaintiff does not reside in the forum, the Court may afford his choice considerably less weight." *Young v. Wells Fargo & Co.*, No. C 08-3735 SI, 2008 WL 5245894, at *3 (N.D. Cal. Dec. 17, 2008) (granting motion to transfer); *see also* Wright & Miller, *supra*, § 3848 n. 17 (collecting cases). Given that Plaintiff resides in New York, little deference should be given to her decision to file suit here. That choice is far outweighed by the convenience of the parties and the interests of justice, which overwhelmingly favor transfer to New York.

## IV. CONCLUSION

For the reasons set forth above, Mr. Weinstein respectfully requests that this Court grant his Motion to Transfer Venue.

Date: September 14, 2018

DANIELS, FINE, ISRAEL,
SCHONBUCH & LEBOVITS, LLP

By: /s/ Paul Fine
Paul R. Fine
Bernadette C. Brouses

SCHULTE ROTH & ZABEL LLP
Gary Stein
Brian T. Kohn

Attorneys For Defendant Robert Weinstein

---

[7] A copy of that transcript was filed in the bankruptcy proceedings relating to TWC. *See In re Weinstein Co. Holdings, LLC, et al.*, No. 18-10601-MFW (Bankr. D. Del.), at Dkt. No. 1368-4.

# PROOF OF SERVICE

State of California        )
County of Los Angeles  )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1801 Century Park East, Ninth Floor, Los Angeles, California 90067. On September 14, 2018, I served the within document(s):

**DEFENDANT ROBERT WEINSTEIN'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE; AND MEMORANDUM OF POINTS AND AUTHORITIES**

by placing a true copy thereof in sealed envelopes as stated on the attached mailing list.

[XX]  **BY E-MAIL OR ELECTRONIC TRANSMISSION.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed on the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[XX]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 14, 2018, at Los Angeles, California.

_____
Gwendolyn Crawford

9

DEFENDANT ROBERT WEINSTEIN'S MOTION TO TRANSFER VENUE

## SERVICE LIST

Daniel G. Ellis, Esq.
Jeffrey M. Herman *(subject to application and admission pro hac vice)*
HERMAN LAW
5200 Town Center Cir. Suite 540
Boca Raton, FL 33486
Tel: 305.931.2200
Fax: 305.931.0877
Email: dellis@hermanlaw.com

*Attorneys for Plaintiff DOMINIQUE HUETT*

Gary Stein, Esq.
Brian Kohn, Esq.
SCHULTE ROTH & ZABEL LLP
*(subject to application and admission pro hac vice)*
919 Third Avenue
New York, NY 10022
Tel:  212.756.2000
Fax:  212.593.5955
Email: gary.stein@srz.com
         brian.kohn@srz.com

*Attorneys for Defendant ROBERT WEINSTEIN (erroneously sued as Bob Weinstein)*