UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-06012-SVW-MRW | Date | November 5, 2018 |
|---|---|---|---|
| Title | *Dominique Huett v. The Weinstein Company LLC et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING DEFENDANT'S MOTION TO DISMISS [22]

### I.  Background

Plaintiff Dominique Huett originally filed this action in state court on October 24, 2017. Dkt. 1-2. Plaintiff filed a First Amended Complaint on January 31, 2018. Plaintiff's First Amended Complaint ("FAC"), Dkt. 1-5. Defendant Harvey Weinstein ("Defendant") removed to this Court on July 10, 2018. Dkt. 1. Before the Court is Defendant's motion to dismiss the FAC as to Defendant. Defendant Harvey Weinstein's Motion to Dismiss Plaintiff's First Amended Complaint ("Mot."), Dkt. 22. Relevant to this motion is the one claim that Plaintiff brings against Defendant: a violation of 18 U.S.C. § 1591. Defendant seeks to dismiss this claim under Federal Rule of Civil Procedure 12(b)(6).

### II.  Legal Standards

#### A.  Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-06012-SVW-MRW | Date | November 5, 2018 |
|---|---|---|---|
| Title | *Dominique Huett v. The Weinstein Company LLC et al.* | | |

is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" without more. *Id.* (internal quotation marks omitted). "Allegations in the complaint, together with reasonable inferences therefrom, are assumed to be true for purposes of the motion." *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007).

    **B.**    **18 U.S.C. §§ 1591 and 1595**

In 2010, the year in which the alleged conduct took place, 18 U.S.C. § 1591 provided as follows:

> (a) Whoever knowingly—
>
> > (1) in or affecting interstate or foreign commerce . . . recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person . . .
>
> knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act . . . shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a). 18 U.S.C. § 1595 provides a private right of action for victims of the conduct proscribed in Section 1591.

**III.**    **Analysis**

    **A.**    **Legislative Intent and Statutory Interpretation**

As an initial matter, Defendant argues that the claim should be dismissed because Congress' legislative intent was to target human trafficking, such as women and children in the sex industry, and not "single, gender-based sexual incident[s]" that are "not connected to a sex trafficking scheme." Mot. at 5-6. Defendant may be correct regarding legislative intent; however, at the motion to dismiss stage, a claim survives as long as the facts alleged, assumed to be true, establish the elements of the claim.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-06012-SVW-MRW | Date | November 5, 2018 |
|---|---|---|---|
| Title | *Dominique Huett v. The Weinstein Company LLC et al.* | | |

Furthermore, notwithstanding Defendant's argument regarding legislative intent, there are reasons to believe that Sections 1591 and 1595 should be interpreted broadly. First, Section 1595 is a remedial provision that permits civil actions for damages under Section 1591. The Supreme Court has recognized a "canon of construction" that remedial statutes should be liberally construed. *Peyton v. Rowe*, 391 U.S. 54, 65 (1968). Second, Sections 1591 and 1595 utilize expansive language with words and phrases such as "whoever," "any means," and "any combination of such means." Of course, the first step is to consider the plain language of the statute. Only "if the language of the statute [were] unclear [would the Court] look to its legislative history." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 830-31 (9th Cir. 1996).

    **B.**    **Elements of the Claim**

            *i.*    *In or Affecting Interstate Commerce, Knowingly Entices or Recruits a Person*

Defendant does not contest the issue of whether interstate commerce is implicated. In any event, Plaintiff sufficiently alleges that Defendant "engaged in electronic communications in interstate commerce . . . ." FAC ¶ 40.

Defendant does argue that Plaintiff fails to allege that Defendant knowingly enticed or recruited Plaintiff because they had "arranged to meet each other" at the hotel, and Plaintiff's doing so—and, later, going to Defendant's hotel room—was entirely voluntary. Mot. 6. However, that Plaintiff may have acted voluntarily is not necessarily inconsistent with her having been enticed.

"Entices" is not defined in the statute. In this context, the Court may turn to an ordinary or natural meaning of the word. *See, e.g.*, *Crawford v. Metro. Gov't of Nashville & Davidson Cty.*, 555 U.S. 271, 276 (2009) (noting that undefined words in statutes carry their ordinary meaning). As noted by Judge Sweet in a similar matter in the Southern District of New York, "the ordinary or natural meaning of 'entice' is supplied by the Merriam-Webster and Oxford dictionaries, which define it as 'to attract artfully or adroitly or by arousing hope or desire,' and '[to] attract or tempt by offering pleasure or advantage,' respectively." *Noble v. Weinstein*, No. 17 Civ. 9260 (RWS), 2018 WL 3863452, at *7 (S.D.N.Y. Aug. 14, 2018) (quoting Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/entice, and Oxford Dictionaries,

    :

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-06012-SVW-MRW | Date | November 5, 2018 |
|---|---|---|---|
| Title | *Dominique Huett v. The Weinstein Company LLC et al.* | | |

https://en.oxforddictionaries.com/definition/entice).

Here, Plaintiff alleges that Defendant communicated with Plaintiff "to arrange a meeting with Plaintiff, where he promised her participation and a role in an entertainment project." FAC ¶ 40. The fact of this promise sufficiently alleges that Defendant enticed Plaintiff, because it would certainly have aroused hope or desire in Plaintiff given that she was an aspiring actress at the time. *Id.* ¶ 11. The knowledge requirement is also sufficiently alleged because Defendant would have known that Plaintiff was an aspiring actress given that she was seeking his assistance in procuring future television and film roles. *Id.*

   iii. *Knowing That Means of Force, Threats of Force, Fraud, Coercion, or Any Combination Will Be Used*

The knowledge requirement here is distinct from the knowledge requirement discussed above. "What the statute means to describe, and does describe awkwardly, is a state of mind in which the knower is familiar with a pattern of conduct." *United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010). The FAC sufficiently alleges that Defendant engaged in a pattern of conduct—and given that the Defendant is alleged to have personally engaged in the conduct, he necessarily would have known about it. *See* FAC ¶ 42 ("Harvey Weinstein knew that he would use fraud, physical force or coercion (as he had done many times before to many other young aspiring actresses) on Plaintiff for a sexual encounter. He offered her a television role, and demanded sexual contact despite the fact that Plaintiff said 'no'."); *id.* ¶ 10 ("Harvey Weinstein . . . knew, or recklessly disregarded the fact that, Harvey Weinstein used means of force, fraud or coercion to cause young female actors to whom he had promised access to and participation in entertainment projects to engage in sex acts."); *id.* ¶ 44 ("This was a typical practice of Harvey Weinstein, as it was common for him to lure young females into his room with the promise of an attractive role or entertainment project, and then coerce them into a sexual encounter."); *id.* ¶¶ 18-21 (alleging that Defendant engaged in "repeated acts of sexual misconduct with women" that dated back to the 1990s, and which were subject to nondisclosure agreements or had led to multiple claims of sexual misconduct that were settled with the victims prior to the filing of suit). Thus, Plaintiff sufficiently alleges the knowledge requirement with respect to this element.

Defendant's argument regarding the force/fraud/coercion element is similar to that discussed

                                     :
                             Initials of Preparer
                                       PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-06012-SVW-MRW | Date | November 5, 2018 |
|---|---|---|---|
| Title | *Dominique Huett v. The Weinstein Company LLC et al.* | | |

above with respect to enticement—namely that Plaintiff acted voluntarily; she voluntarily met Defendant at the bar, was free to leave the bar, was free not to join Defendant in his hotel room, was free not to perform a massage on Defendant, and was free to reject Defendant's sexual advances. However, the voluntariness of Plaintiff's actions can negate, at most, allegations of coercion and force—not fraud. That is, even if Plaintiff ostensibly acted "voluntarily," she may have done so due only to the fraudulent acts of Defendant. Indeed, this is exactly what Plaintiff alleges. *Id.* ¶ 46 ("Harvey Weinstein in this case used the ploy of a television role as a fraudulent means of obtaining sexual gratification from Plaintiff."). The allegation of a "ploy" suggests that Defendant intended not to ensure that Plaintiff obtain a future role once Defendant obtained sexual gratification from Plaintiff. Thus, Plaintiff sufficiently alleges the force/fraud/coercion element.

        iv.       *To Cause a Person to Engage in a Commercial Sex Act*

Lastly, Defendant argues that Plaintiff's claim must fail as a matter of law because any sex act in this case was not "commercial," as required by the statute. The statute specifically defines the term "commercial sex act" as "any sex act, on account of which *anything of value* is given to or received by any person." 18 U.S.C. § 1591(e)(3) (emphasis added).

Under the plain meaning of this definition, Plaintiff plausibly alleges a commercial sex act. She clearly alleges a sex act, FAC ¶ 16, and further alleges that Plaintiff received something of value in exchange for the sex act. FAC ¶ 44 ("Plaintiff felt compelled to comply with Harvey Weinstein's acts toward her because of the benefits she would receive from his power and influence, including without limitation, a role on *Project Runway*."). Even if Plaintiff did not in fact receive a role in exchange for the sex act, but rather only received a promise of a role, such a promise would still have held value to Plaintiff at the time.

Defendant argues that a commercial sex act must be an economic transaction and involve the "payment of expenses." Mot. 9. However, this assessment is belied both by the statutory definition of the term and by case law. As noted in *Noble*, the cases on which Defendant relies are clearly distinguishable from the instant analysis. *Noble*, 2018 WL 3863452, at *10. Furthermore, in *Ditullio v. Boehm*, 662 F.3d 1091, 1095 (9th Cir. 2011), the Ninth Circuit found that providing illegal drugs to another on a daily basis in exchange for sex constituted a commercial sex act. Such a transaction is

                                                                                                                                      :

Initials of Preparer         PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-06012-SVW-MRW | Date | November 5, 2018 |
|---|---|---|---|
| Title | *Dominique Huett v. The Weinstein Company LLC et al.* | | |

analogous to the alleged conduct in the instant case in that neither is "commercial" in the sense of involving a payment; rather, they involve nonmonetary (even if quantifiable) benefits. Thus, Plaintiff sufficiently alleges that Defendant caused Plaintiff to engage in a commercial sex act for the purpose of Section 1591.

**IV.     Conclusion**

In sum, Plaintiff has plausibly alleged that Defendant knowingly, in or affecting interstate commerce, enticed her, knowing that fraud would be used to cause her to engage in a commercial sex act. Thus, the Court DENIES Defendant's motion to dismiss.

IT IS SO ORDERED.

:

Initials of Preparer

PMC