Phyllis Kupferstein, Esq. [SBN 108595]
pk@kupfersteinmanuel.com
Cynthia L. Zedalis, Esq. [SBN 118447]
cz@kupfersteinmanuel.com
Kupferstein Manuel LLP
865 South Figueroa Street
Suite 3338
Los Angeles, California 90017
Telephone: (213) 988-7531
Facsimile: (213) 988-7532

Attorneys for Defendant Harvey Weinstein

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE HUETT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE WEINSTEIN COMPANY LLC, BOB WEINSTEIN and HARVEY WEINSTEIN,<br><br>Defendants. | CASE NO.: 2:18-cv-6012 SVW (MRW)<br>Honorable Stephen V. Wilson<br><br>**DECLARATION OF BENJAMIN BRAFMAN IN SUPPORT OF DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY**<br><br>Hearing Date: January 28, 2019<br>Time: 1:30 p.m.<br>Courtroom: 10A |

I, BENJAMIN BRAFMAN, ESQ., declares as follows:

1.  I am an attorney-at-law licensed to practice in the State of New York and am a principal of Brafman & Associates, P.C. and criminal counsel for Defendant Harvey Weinstein ("Defendant") in connection with the pending criminal action *The People of the State of New York v. Harvey Weinstein,* Supreme Court of the State of New York, New York County, Docket No. 2018NY023971, and an investigation by the Unites States Attorneys' Office for the Southern District of New York ("SDNY") (the "Criminal Actions"). I make this declaration in support of Defendant Harvey Weinstein's Motion to Stay in the above-captioned civil action.

-1-
DECLARATION OF BENJAMIN BRAFMAN IN SUPPORT OF DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY

2. I have personal and first-hand knowledge of the facts set forth below, and if called and sworn as a witness, I could and would competently testify as to each of them.

3. Since 1980, I have been the principal of a boutique law firm engaged in the practice of criminal defense. I submit this Declaration based on my personal knowledge of the Criminal Actions, my review of the Memorandum of Law in support of Defendant's motion seeking an Order staying the action initiated by Plaintiff Dominique Huett ("Plaintiff"), currently pending before this Court, and a review of Plaintiff's First Amended Complaint ("FAC"). A stay of discovery is necessary to safeguard Defendant's liberty interests and constitutional right against self-incrimination.

4. Defendant was arrested on May 25, 2018, and charged with the crimes of criminal sexual act in the first degree in violation of New York Penal Law § 130.50(1), rape in the first degree in violation of New York Penal Law § 130.35(1), and rape in the third degree in violation of New York Penal Law § 130.25(1). A grand jury formally indicted Defendant on those charges on May 30, 2018. Four weeks later, on July 2, 2018, the New York District Attorney ("NYDA") filed a superseding indictment charged Defendant with the crimes of predatory sexual assault (New York Penal Law § 130.15(2) (Counts One and Three), criminal sexual act in the first degree (New York Penal Law § 130.50(1) (Counts Two and Six), rape in the first degree (New York Penal Law § 130.35(1)) (Count Four), and rape in the third degree (New York Penal Law § 130.25(1)) (Count Five).

5. Defendant is also presently the target of a federal criminal investigation out of the Southern District of New York, as well as the target of active criminal investigations of felony sexual assault allegations in both Los Angeles, California, and in London, England.

6. Defendant's arrest and arraignment and formal charges of sexual assault, as well as the other pending investigations, have placed Defendant in the perilous position of having to respond to pleadings and discovery in the instant civil litigation that arises from the same or similar conduct for which he is now under criminal prosecution.

7. It is my understanding from the review of Plaintiff's FAC that she is seeking monetary damages against Defendant for unlawful sex trafficking in violation of 18 U.S.C. § 1591. Plaintiff's allegations arise from allegations of sexual assault and rape.

8. The FAC alleges, *inter alia,* that Plaintiff was sexually assaulted and raped as a result of Defendant's alleged pattern and practice of using his position at The Weinstein Company to facilitate sexual misconduct. Dkt. 1-5, ¶¶ 18-21. Defendant has and continues to vehemently deny that he engaged in any non-consensual sexual encounters.

9. The alleged conduct set forth in the FAC is the same conduct that is at issue in the Criminal Actions; *i.e.,* sexual assault and rape.

10. Defendant cannot respond to Plaintiff's allegations or give testimony concerning the allegations without also providing testimony that would impact the Criminal Actions. A stay in this action is necessary to safeguard my client's constitutional rights.

11. If this action is not stayed, Defendant will be compelled to assert his Fifth Amendment privilege and be unable to give any testimony on his behalf, or risk incriminating himself. As a result, Defendant will be left to assert the Fifth Amendment in response to all allegations in the FAC. Further, Defendant cannot be deposed in this proceeding or respond to written interrogatories without the risk of self-incrimination.

DECLARATION OF BENJAMIN BRAFMAN IN SUPPORT OF DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY

12. The need for a stay here is especially important given the nature of the allegations underlying both this action and the Criminal Actions. In sex crime cases, such as the Criminal Actions, the prosecution often seeks to admit propensity or prior bad act evidence, which is often barred in other types of prosecutions. The NYDA has already provided formal notice that it will be seeking to admit claimed evidence of reported uncharged similar acts of sexual conduct at trial of the pending superseding indictment. As such, Defendant cannot give testimony and evidence concerning these allegations regardless of whether Plaintiff is involved in the Criminal Actions or investigations.

13. Being forced to litigate this case and participate in discovery would great prejudice Defendant by forcing him to either take the Fifth Amendment and receive an adverse inference, or create potentially incriminating evidence for the prosecution of the Criminal Actions. Absent a stay of this proceeding, my client's ability to defend himself in the Criminal Actions will be severely prejudiced.

14. Defendant is facing charges that carry a maximum prison sentence of up to 25 years to life, and the prospect that additional charges will be filed in the near future. The grave risk to my client's liberty interests and constitutional right to defend himself without forced incrimination outweigh any prejudice to Plaintiff that could result from a stay. Moreover, it is my understanding that Plaintiff's claims arise out of an alleged incident that occurred in 2010, which refutes any argument Plaintiff could make that she desires to litigate her sex trafficking claim expeditiously.

15. I am not seeking this Court's sympathy as Defendant will defend himself at the appropriate time. Rather, I seek only fairness and a just decision staying these proceedings to safeguard Defendant's constitutional right against self-incrimination.

16. Defendant denies the charges levied against him and is entitled to a full and meritorious defense unencumbered by the weight of civil proceedings which may result in self-incriminating testimony.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 28th day of November, 2018, at New York, New York.

_____
BENJAMIN BRAFMAN, ESQ.

-5-
DECLARATION OF BENJAMIN BRAFMAN IN SUPPORT OF DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY