FILED
Superior Court of California
County of Los Angeles

MAR 30 2016

Sherri R. Carter, Executive Officer/Clerk
By Manny Mabunga, Deputy

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

WEST DISTRICT, SANTA MONICA

| | |
|---|---|
| JUDY HUTH,<br><br>    Plaintiff,<br><br>vs.<br><br>WILLIAM HENRY COSBY, JR., an individual; and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No.: BC565560<br><br>RULING RE DEFENDANT'S MOTION TO STAY THE ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS<br><br>Date: March 30, 2016<br>Department: WE "N"<br>Hon. Craig D. Karlan |

**RULING**:

Defendant William Henry Cosby, Jr., moves for an order staying this action pending resolution of criminal proceedings in Montgomery County, Pennsylvania. Plaintiff Judy Huth opposes the motion. The Court has read and considered the moving papers, opposition and reply briefs.

The decision whether to stay discovery in a civil action due to a parallel criminal proceeding should be made in light of the particular circumstances and competing interests involved in the case. In this case, both parties clearly have the right to a fair and expeditious resolution of the civil claims at issue. Protecting a party's constitutional rights, however, is paramount. (*Pacers, Inc. v. Superior Court* (1984) 162 Cal.App.3d 686, 690.) With these guiding principles in mind, the Court issues the following ruling wherein the motion is GRANTED, in part, and DENIED, in part, as follows:

    1. All discovery is hereby stayed with regard to Mr. Cosby and Ms. Huth; and,

    2. All other discovery shall proceed as per statute.

- 1 -

**ANALYSIS**:

Procedurally, the Court finds Mr. Cosby's motion for stay to be timely. The motion was filed on February 17, 2016, less than two months after the criminal complaint was filed against him in Pennsylvania on December 29, 2015, charging him with three counts of aggravated indecent assault. (Griffin Decl., Exhibit A.) None of the intervening events in January or February 2016 is sufficient to demonstrate waiver.

In determining the substantive validity of a stay, the Court must consider four main competing interests: (1) that of Mr. Cosby, who has a constitutional right to invoke the privilege against self-incrimination during discovery to avoid furthering the criminal prosecution in Pennsylvania; (2) that of Ms. Huth, who seeks to complete discovery without being unduly prejudiced and has a right to a fair and expeditious resolution of her claims; (3) that of the justice system and the court in fairly managing and efficiently disposing of civil cases as well as allowing discovery to proceed unobstructed by concerns regarding self-incrimination; and (4) the interests of third parties and the public in reaching a fair and judicious outcome in the civil and criminal proceedings. The Court must assess and balance "the nature and substantiality of the injustices claimed on either side." (*Avant! Corp. v. Superior Court* (2000) 79 Cal.App.4th 876, 882.) While third parties and the general public have interests to consider, they are outweighed in favor of a fair, expedient and judicious resolution of both the criminal and civil claims; the predominant interests here are clearly those of Ms. Huth and Mr. Cosby.

In considering whether to grant a stay, the most important threshold factor is the degree of overlap between the issues in the civil and criminal matters, which dictates the extent to which Mr. Cosby's privilege against self-incrimination is implicated. Ms. Huth contends the overlap is virtually nonexistent because Mr. Cosby has been charged with a crime in a different place, at a different time (1974 in this case versus 2005 in Pennsylvania) and involving a different alleged victim. The Court disagrees. While there are distinctions between the cases, temporal and otherwise, the allegations both involve sexual assaults. The danger of undermining Mr. Cosby's privilege against self-incrimination is clear. If Mr. Cosby invokes his constitutional privilege during civil discovery, not only does this prevent him from adequately defending his position, it

may subject him to an adverse inference from his refusal to testify. On the other hand, if Mr. Cosby fails to invoke his Fifth Amendment privilege, he waives it, and any evidence adduced in the civil case can then be used against him in the criminal trial. This is the type of prejudice a discovery stay is designed to prevent. (*Pacers, Inc. v. Superior Court*, supra, 162 Cal.App.3d at p. 689.)

Ms. Huth alternatively asserts that rather than a "draconian" stay, a simple protective order would satisfy any arguably legitimate concerns by Mr. Cosby. The Court agrees a broad stay of the entire action is not warranted. However, a simple protective order is not enough. As argued in the Reply, there is nothing to show a protective order in this case will protect Mr. Cosby from the subpoena power of other courts, particularly where Evidence Code §1101(b) may be at issue. Nor can a civil protective order grant immunity over a prosecutor's objection, which is given an irrefutable presumption of being substantiated. (See *Daly v. Superior Court* (1977) 19 Cal.3d 132, 145-146.) As held by the *Pacers* court, "To allow the prosecutors to monitor the civil proceedings hoping to obtain incriminating testimony from petitioners through civil discovery would not only undermine the Fifth Amendment privilege but would also violate concepts of fundamental fairness." (*Pacers, Inc. v. Superior Court*, supra, 162 Cal.App.3d 686, 690.)

The Court is mindful of the impact on Ms. Huth of a stay in this action. However, the Court must "recognize the dilemma faced by a defendant who must choose between defending the civil litigation by providing testimony that may be incriminating on the one hand, and losing the case by asserting the constitutional right and remaining silent, on the other hand. [Citation.]" (*Fuller v. Superior Court* (2001) 87 Cal.App.4th 299, 306.) After carefully balancing all interests involved, the Court orders that: (1) All discovery is hereby stayed with regard to Mr. Cosby and Ms. Huth; and (2) All other discovery shall proceed as per statute.

IT IS SO ORDERED.

Dated: March 30, 2016

Hon. Craig D. Karlan
Judge of the Superior Court