Daniel G. Ellis [SBN 298639]
Herman Law
5200 Town Center Cir. Suite 540
Boca Raton, FL 33486
Telephone: (305) 931-2200
Facsimile: (305) 931-0877
dellis@hermanlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE HUETT,<br><br>            Plaintiff,<br><br>    v.<br><br>THE WEINSTEIN COMPANY LLC; BOB WEINSTEIN and HARVEY WEINSTEIN,<br><br>            Defendants. | CASE NO.: 2:18-cv-6012 SVW (MRW)<br>[Hon. Judge Stephen V. Wilson]<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY** |

Plaintiff, Dominique Huett, by and through undersigned counsel, respectfully submits this Memorandum of Points and Authorities in Opposition to the Motion to Stay of Defendant Harvey Weinstein (ECF 41), in accordance with this Court's in chambers text-only entry Order of January 23, 2019 (ECF 46).

**Introduction**

Defendant Weinstein moves for a blanket stay in this case based on a pending criminal indictment in New York and possible additional indictments in other jurisdictions. A stay is unwarranted, and should be denied in the Court's discretion, because Defendant Weinstein fails to meet his burden of presenting facts showing that he will be substantially prejudiced if a stay were not

1

**PLAINTIFF'S MEMORANUDM OF POINTS AND AUTHORITIES IN OPPOSTION TO DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY**

granted.  Applying the factors set forth in Keating a stay of this proceeding, particularly the blanket stay sought by Defendant Weinstein, should be denied.

### Argument

### A STAY OF THIS CIVIL PROCEEDING IS UNWARRANTED

The decision of whether to stay a civil proceeding in favor of a parallel criminal proceeding is discretionary "in the interests of justice." *Keating v. Office of Thrift Supervision*, 45 F. 3d 322, 324-25 (9th Cir. 1995).  A stay is not "required by the Constitution," and there is nothing inherently improper about a civil case moving forward while a parallel criminal case remains pending.  *In re Zinnel*, case no. 2:12-cv-01541, 2013 U.S. Dist. LEXIS 79255 *10 (E.D. Cal. June 4, 2013) (citing *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)).

"As the parties seeking a stay, defendants bear the burden of establishing that the stay is warranted."  *Mendez v. City of Gardena*, case no. 13-9042 (SVW) (AJWx), 2014 U.S. Dist. LEXIS 200690 *5 (C.D. Cal. May 30, 2014) (Wistrich, J. Mag.).    Defendant Harvey Weinstein must therefore demonstrate that, absent a stay, there will be "substantial prejudice to the rights of the parties involved."  *Id*. at *20 (quoting *Keating*, 45 F.3d at 324).  He has failed to meet that burden in this case.

Initially, the Motion to Stay raises the question of whether Harvey Weinstein's New York criminal indictment and the claims in this case are indeed "parallel."  *Keating*, 45 F.3d at 324-25. "Courts have recognized  that there is a strong case in favor of a stay after a grand jury returns a criminal  indictment and where there is ***a large degree of overlap*** between the facts involved in both cases." *Roberts v. Brown*, case no. 2:13-cv-07461-ODW, 2014 U.S. Dist. LEXIS 95597 *6 (C.D. Cal. July 14, 2014) (emphasis added).  The criminal indictment at issue here does not allege acts of Harvey Weinstein committed upon Plaintiff Dominique Huett.  *See* Brafman Decl., ECF 41-2, ¶¶ 4 – 9.   The acts alleged in the indictment involve different victims, in incidents which occurred at different locations, in different years.  *See* Defendant Weinstein's Memorandum of Law, ECF 41-1, p. 3 lines 12-13.    The Brafman Declaration submitted in support of the Motion nonetheless asserts in the

**PLAINTIFF'S MEMORANUDM OF POINTS AND AUTHORITIES IN OPPOSTION TO DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY**

broadest terms that the "alleged conduct set forth in the FAC is the same conduct that is at issue in the Criminal Actions, i.e., sexual assault and rape." *Id*., ¶ 9. The claim in the instant case under 18 U.S.C. § 1591, however, does not allege the elements of sexual assault or rape.

The allegations here are that Harvey Weinstein knowingly "enticed or recruited" Plaintiff, knowing that "means of force, fraud or coercion" would be used to cause the Plaintiff to engage in a "commercial sex act." See Order Denying Motion to Dismiss, ECF 39, pp. 2 – 4. In this regard, the FAC alleges a pattern and practice in which "it was common for [Harvey Weinstein] to lure young females into his room with the promise of an attractive role or entertainment project, and then coerce them into a sexual encounter." *Id*., p. 4; FAC, ECF 1-5, ¶¶ 18-21. He had done this "many times before to many other young aspiring actresses." *Id*., FAC ¶ 10. As to his conduct toward Plaintiff, the FAC alleges that Harvey Weinstein "used the ploy of a television role as a fraudulent means of obtaining sexual gratification from Plaintiff." FAC ¶ 46; *see* Order Denying Motion to Dismiss, p. 5. He requested to perform oral sex on her, she initially refused, and he would not take "no" for an answer. FAC, ¶ 16. "Weinstein initiated and Plaintiff froze as Weinstein removed her clothing and performed oral sex on her." *Id*. His promise of a television role was a thing of value, causing Plaintiff to engage in a "commercial sex act" under 18 U.S.C. ¶ 1591. *See* Order Denying Motion to Dismiss, p. 5.

The elements of the crimes for which Harvey Weinstein has been indicted in New York, in contrast, require either "forcible compulsion" or that the victim was incapable of consent. *See* Brafman Decl., ¶ 4 (citing criminal statutes charged in indictment). Under New York law, "forcible compulsion" is defined as "means to compel by either: **a**. use of physical force; or **b**. a threat, express or implied, which places a person in fear of immediate death or physical injury to himself, herself or another person, or in fear that he, she or another person will immediately be kidnapped." N.Y. Penal Law § 130.00(8). The requirements of "forcible compulsion" diverge from elements of 18 U.S.C. § 1591. Given the disparate nature of the allegations by different victims in different circumstances, there is lacking a degree of overlap that would militate in favor of a stay. *See Roberts*, 2014 U.S.

3

**PLAINTIFF'S MEMORANUDM OF POINTS AND AUTHORITIES IN OPPOSTION TO DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY**

Dist. LEXIS 95597 at *7 (denying motion to stay, noting that "[t]his is not a situation where the civil and criminal cases are essentially carbon copies of each other").

Defendant Weinstein relies on stays granted in civil cases against Bill Cosby, including *Huth v. Cosby*, case no. BC 565560 (Cal. Sup. Ct. March 16, 2016) and *Green v. Cosby*, 177 F. Supp. 3d 673, 680 (D. Mass. 2016). The decisions in these cases are distinguishable. In *Green*, the Court found that, "due to the *unique factual similarities* between the allegations in this case and those contained in the criminal complaint, there is substantial risk that discovery provided by Defendant here could be used against him in a criminal trial." 177 F. Supp. 3d at 680 (emphasis added). These "unique factual circumstances" consisted of the defendant allegedly providing drugs to his victims which rendered them incapacitated during the alleged sexual assaults. *Id*. at 676, 680. The Brafman Declaration used by Defendant Weinstein as the factual support for a stay fails to set forth such overlapping unique factual circumstances in the allegations of the victim witnesses in the subject indictment. Additionally, the case of *Huth v. Cosby* is not authority for a stay here as that was an unpublished decision of a California trial court under California state procedure, not applicable to the federal procedural issue in this case. It is further noteworthy that in neither *Huth* nor *Green* did the Court grant the blanket stay sought by Defendant Weinstein in the instant case, but limited the stay to discovery addressed to the Defendant. *See Huth*, p. 3, lines 23-24; *Green*, 177 F. Supp. 3d at 683.

In exercising its discretion, the Court should address "the extent to which the defendant's first amendment rights are implicated," and should also consider the following factors:

(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of the persons not parties to the civil litigation; and (5) the interest of the public in the pending criminal and civil litigation. *Keating*, 45 F.3d at 324-325. In analyzing these factors, the balance favors denial of the blanket stay sought by Defendant Harvey Weinstein.

*The Extent to Which Defendant's Fifth Amendment Rights Are Implicated*

"A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Id.* at 326. The defendant may assert his Fifth Amendment privilege in the instance of parallel proceedings, and "it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding." *Id.* Accordingly, the mere fact that a defendant may be forced to assert his Fifth Amendment privilege in a civil case is, by itself, insufficient to support a stay. *See Mendez*, 2014 U.S. Dist. LEXIS 200690 at *12 (denying stay and noting that "defendants have not shown that their Fifth Amendment rights cannot be protected by asserting the privilege as to particular discovery requests or deposition questions"); *see also Roberts*, 2014 U.S. Dist. LEXIS 95597 at *6 ("a stay is not warranted where a defendant's Fifth Amendment rights can be protected 'through less drastic means, such as asserting the privilege on a question-by-question basis …' ") (citation omitted).

The Brafman Declaration also asserts that Defendant Harvey Weinstein is the target of other criminal investigations of felony sexual assault allegations in different jurisdictions, for which there have not yet been indictments. (Brafman Decl., ¶ 5). There is no indication that any of these allegations are from Plaintiff. "[T]he case for staying civil proceedings is a far weaker one when no indictment has been returned, and no Fifth Amendment privilege is threatened." *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989) (citation, internal quotation omitted). In these circumstances, the degree of overlap of facts is speculative, the potential prejudice to the defendant more remote, and the delay to the plaintiff from a stay is "potentially indefinite." *Mendez*, 2014 U.S. Dist. LEXIS 200690 at *10. Accordingly, the prospect of additional indictments against Harvey Weinstein for felony sexual assault does not weigh in favor of a stay.

The Brafman Declaration otherwise sets forth generalities and conclusions regarding Harvey Weinstein's invocation of his Fifth Amendment rights, which are insufficient to meet his burden to establish the basis for a stay. While it asserts that the district attorney prosecuting the New York indictment has provided formal notice of an intent to seek admission of "uncharged similar acts of

**PLAINTIFF'S MEMORANUDM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY**

sexual conduct," there is no indication that this would include the acts alleged by Plaintiff.  (Brafman Decl. ¶ 12).  The grounds asserted to support a stay are simply too vague and indefinite.  "Courts have found that even when a defendant's Fifth Amendment rights are implicated, this factor does not support granting a stay unless the defendant can show other 'compelling factors as described in *Keating.*' " *Id*. at *9.  Defendant Harvey Weinstein fails to do so, warranting denial of the Motion to Stay.

*The Interest of the Plaintiff*

The Plaintiff has an interest in proceeding expeditiously with this litigation and with discovery in particular.  "The delay associated with a stay may affect the availability of witnesses and documents or the quality of the testimony."  *Mendez*, 2014 U.S. Dist. LEXIS at *7.  The incident alleged in the FAC occurred in November, 2010, which makes the need to proceed expeditiously even more pressing and the prejudice from any delay more pronounced.[1]  Accordingly, this factor strongly favors denial of a stay.

*The Burden on the Defendant*

As discussed above, Defendant Harvey Weinstein's potential need to assert his Fifth Amendment privilege is insufficient to warrant a stay.  It is also relevant that while Harvey Weinstein seeks to stay Plaintiff from and engaging in discovery and prosecuting her claim, Harvey Weinstein is actively engaged in seeking discovery outside of this proceeding to aid in his defense of this and other civil cases.   Specifically, Harvey Weinstein has been engaged in ongoing proceedings in *In re The Weinstein Company Holdings LLC*, et al., case no. 18-10601 (MFW), in the United States Bankruptcy Court for the District of Delaware, in which he has been pursuing discovery from The Weinstein Company, specifically of "certain emails sent by and between the alleged accusers who have filed

---

[1] Defendant disingenuously argues that this fact does not favor Plaintiff because she did not file her Complaint until 2017.  Brafman Decl., ¶ 14, p. 4 lines 19 – 22.  When the case was filed vis-à-vis when the alleged incident occurred is irrelevant.  Plaintiff has brought a plausible claim, within the applicable statute of limitations, and since she done so, she is entitled to proceed expeditiously and have her day in court without unnecessary delay, like any other litigant in federal court.

6
**PLAINTIFF'S MEMORANUDM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY**

civil actions … and Mr. Weinstein during the time of his employment with [The Weinstein Company]." *See* Harvey Weinstein's Motion for an Order Permitting Use of Documents Produced Under 2004 Order, dated Dec. 6, 2018, ¶ 4, attached hereto as Exhibit "A; *see also* Order Authorizing the Protocol for Production of Documents in Response to Harvey Weinstein's Motion Compelling Discovery Under Rule 2004, dated June 5, 2018, attached as Exhibit "B", and Order Permitting Use of Documents Produced Under Rule 2004 Order dated January 8, 2019, attached as Exhibit "C". The emails that are subject to Harvey Weinstein's discovery demands presumably include emails to and from Plaintiff. The attached papers make clear that Harvey Weinstein intends to use these emails against the plaintiffs "in all civil matters." Exh. B, ¶ 9. Harvey Weinstein's efforts to pursue discovery for use in civil cases in separate bankruptcy proceedings belie his argument that a stay is necessary to avoid prejudice or injustice.

Defendant Weinstein's submission otherwise fails to set forth any particular, compelling facts that would demonstrate a burden to him supporting issuance of a blanket stay. The Defendant's burden if a stay were not granted is therefore insufficient to warrant such relief.

*Convenience of the Court and Judicial Efficiency*

This factor typically weighs against the granting of a stay because "the court has an interest in clearing its docket." *Molinaro*, 889 F.2d at 903. This weight against a stay is particularly strong where the movant relies upon potential criminal charges for which an indictment has yet to be issued. *Mendez*, 2014 U.S. Dist. LEXIS 200690 at *15. In such an instance, the indefiniteness of the stay "would force the court to 'rely upon fortuitous events to manage its docket.' " *Id*. (citation omitted). This concern is especially pronounced where, as here, there are multiple potential indictments in different jurisdictions. *See Roberts*, 2014 U.S. Dist. LEXIS 95597 at *9 (noting that "[i]t would of course be inefficient for the Court to stay this case pending the resolution of not one but two criminal cases"). In the present case, a stay until all criminal charges are brought and resolved may continue for years. *See* Brafman Decl., ¶ 5. Accordingly, a stay is impractical given the circumstances presented and the interests of judicial efficiency.

7

**PLAINTIFF'S MEMORANUDM OF POINTS AND AUTHORITIES IN OPPOSTION TO DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY**

*The Interests of Nonparties*

Defendant Weinstein fails to proffer any facts indicating that nonparties would be adversely affected if a stay were not granted. This *Keating* factor therefore does not weigh in favor of a stay.

*The Public Interest*

"The public has a demonstrated interest in having the Court as an institution quickly and efficiently resolve the disputes before it. A stay would run counter to that interest." *Roberts*, 2014 U.S. Dist. LEXIS 95597 at *10. This public interest is particularly pronounced in a high profile proceeding such as the instant case. *Estate of Morad v. City of Long Beach*, case no. CV-16-06785-MWF, 2017 U.S. Dist. LEXIS214639 *27 (C.D. Cal. April 28, 2017) (denying stay in case of alleged police misconduct, noting that "not only does the public benefit when the federal courts' dockets are resolved promptly, but … this action is relatively high profile and has received attention from the public and the media").

### Conclusion

An analysis and balancing of the Keating factors demonstrates that a stay is unwarranted in the facts and circumstances of this case. Defendant Weinstein fails to meet his burden of demonstrating that he would be substantially prejudiced if a stay were not granted. Plaintiff therefore respectfully requests that Defendant Weinstein's Motion to Stay be denied.

Dated:  February 4, 2019                                HERMAN LAW

                                                       */s/* Daniel Ellis
                                                      Daniel G. Ellis
                                                      Attorneys for Plaintiff

**PLAINTIFF'S MEMORANUDM OF POINTS AND AUTHORITIES IN OPPOSTION TO DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY**

# PROOF OF SERVICE

**STATE OF FLORIDA, COUNTY OF PALM BEACH**

I am over the age of 18 and not a party to the within entitled action. I am employed at the Herman Law Firm, Boca Center Tower I, 5200 Town Center Circle, Suite 540, Boca Raton, Florida 33486.

On **February 4, 2019** I served the foregoing document(s) described as Plaintiff's Ex Parte Application for Continuance on the following parties of this action:

Phyllis Kupferstein
**Kupferstein Manuel LLP**
pk@kupfersteinmanuel.com
*Attorneys for Defendant*
*Harvey Weinstein*

[  ]  **BY MAIL:**  I caused true and correct copies of the above documents to be placed and sealed in an envelope (or envelopes) addressed to the addressee(s) with postage thereon fully prepaid, and I further caused said envelope(s) to be placed in the United States mail, in the City and County of Boca Raton, Palm Beach County.

[  ]  BY PERSONAL SERVICE:  I caused true and correct copies of the above documents to be placed and sealed in an envelope (or envelopes) addressed to the addressee(s) and I caused such envelope(s) to be delivered by hand on the office(s) of the addressee(s).

[  ]  **BY FACSIMILE:**  I caused a copy (or copies) of such document(s) to be sent via facsimile transmission from (305) 931-0877 to the office(s) of the address(s).

[ **X** ]  BY E-MAIL OR ELECTRONIC TRANSMISSION:  With agreement of defense counsel that service by email instead of personal delivery constitutes proper service today, I caused a copy (or copies) of such document(s) to be sent via email to the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **February 4, 2019**, at Boca Raton, Florida.

                                         ___*/s/* Daniel Ellis_____
                                         **Daniel G. Ellis, Esq.**

**PLAINTIFF'S MEMORANUDM OF POINTS AND AUTHORITIES IN OPPOSTION TO DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY**