# EXHIBIT "A"

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>THE WEINSTEIN COMPANY<br>HOLDINGS LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-10601 (MFW)<br><br>(Jointly Administered)<br><br>**Hearing Date: TBD**<br>**Obj. Deadline: TBD** |

## HARVEY WEINSTEIN'S MOTION FOR AN ORDER PERMITTING
## USE OF DOCUMENTS PRODUCED UNDER 2004 ORDER

Harvey Weinstein, by and through his undersigned counsel, hereby moves (the "**Motion**") under 11 U.S.C. § 105(a) for entry of an order modifying certain provisions of the *Order Authorizing the Protocol for Production of Documents in Response to Harvey Weinstein's Motion Compelling Discovery Under Rule 2004 of the Federal Rules of Bankruptcy Procedure*, entered on June 5, 2018 [D.I. 976] (the "**2004 Order**").[2] In support of this Motion, Mr. Weinstein respectfully states as follows:

### JURISDICTION, VENUE AND PREDICATE

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding as that term is defined in 28 U.S.C. § 157(b)(2) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. Venue is proper under 28 U.S.C. §§1408 and 1409. The predicate for the relief requested is 11 U.S.C. § 105(a).

---

[1] The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

[2] A copy of the 2004 Order is attached hereto as **Exhibit A**. Capitalized terms used but not defined in this Motion have the meaning ascribed to such terms in the 2004 Order.

2.  As required by Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, Mr. Weinstein confirms his consent to the entry of a final order by the Court solely in connection with this Motion to the extent it is later determined that the Court, absent consent of the relevant parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution

## BACKGROUND

3.  On March 21, 2018 (the "**Petition Date**"), the above-captioned debtors and debtors-in-possession (the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On March 28, 2018, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "**Committee**").

4.  On April 20, 2018, Mr. Weinstein filed his *Motion for Entry of an Order Compelling Limited Discovery Under Rule 2004 of the Federal Rules of Bankruptcy Procedure* [D.I. 275] (the "**2004 Motion**"), by which he requested production of, among other things, certain emails sent by and between the alleged accusers who have filed civil actions ("**Alleged Accusers**") and Mr. Weinstein during the time of his employment with the Debtors.

5.  On May 8, 2018, the Court held a hearing at which it granted the 2004 Motion with respect to Mr. Weinstein's e-mails. Subsequently, and following negotiations between Mr. Weinstein, the Debtors and the Committee, the 2004 Order was filed under certification of counsel and entered by the Court on June 5, 2018. Since the Court granted the 2004 Motion, the Debtors have produced many of the requested e-mails and production under the 2004 Order is ongoing.

6. On August 2, 2018 the Court held a previous emergency conference regarding the e-mails produced under the 2004 Order. At that conference, the Court authorized Mr. Weinstein to use a limited set of e-mails in the criminal cases pending against him.

7. Following the review by his counsel of the e-mails that had been produced to him, Mr. Weinstein and his counsel determined that he must now use additional e-mails in order to respond to and refute various allegations that have been levied against him both criminally and civilly.

8. Therefore, on November 20, 2018, Mr. Weinstein filed his *Emergency Request for Telephonic Status Conference Pursuant to 11 U.S.C. § 105(d)* [D.I. 1747] (the "**Second Emergency Request**").

9. By the Second Emergency Request, Mr. Weinstein asked that the Court enter an order modifying the 2004 Order and permitting him to use the e-mails produced under the 2004 Order in (a) the criminal case pending against him and (b) in all civil matters, as well as in the ongoing insurance coverage actions to which Mr. Weinstein is a party.

10. On November 27, 2018, the Court held an emergency teleconference (the "**November 27 Hearing**"),[3] at which it granted Mr. Weinstein permission to use the e-mails in defense of the allegations in the criminal proceeding, subject to certain conditions.[4]

11. With respect to the proposed use of the emails produced under the 2004 Order in connection with all civil matters, as well as in the ongoing insurance coverage actions to which Mr. Weinstein is a party, the Court directed Mr. Weinstein's counsel to "contact the counsel for

---

[3] A copy of the transcript of the November 27 Hearing is attached hereto as **Exhibit B** and cited as "Nov. 27 Tr. at [_]:[_]".

[4] Following the November 27 Hearing, the parties conferred and submitted a consensual form of order embodying this ruling, which the Court entered on November 29, 2018. [D.I. 1790].

3

the other women who have filed civil actions and work out a protocol with respect to that or schedule a hearing on a motion." Nov. 27 Tr. at 37:21-24.

12. Subsequent to the November 27 Hearing, Mr. Weinstein's counsel met and conferred with counsel to Alleged Accusers, counsel to the Debtors and counsel to the Committee to agree upon a protocol for use of the e-mails in connection with those actions. Counsel to the Alleged Accusers who have filed civil actions have refused to agree, however, on a protocol permitting the use of the e-mails in the civil actions. That refusal necessitates the filing of this Motion.

13. As Mr. Weinstein has repeatedly made the Court aware, the e-mails contained in the Production made under the 2004 Order are vital to his defenses to the allegations made against him and, among others, the Debtors in multiple civil actions.

14. For example, Alexandra Canosa recently filed an amended complaint against all defendants and an opposition to the motion to dismiss that was filed by certain of the defendants. *See Alexandra Canosa v. Dirk Ziff, et al.*, 18 Civ. 4115 (*United States District Court Southern District of New York*). The amended complaint and the opposition to the motion to dismiss are replete with misrepresentations of fact that can be directly refuted by certain of e-mails that have been produced pursuant to the 2004 Order. Thus, Mr. Weinstein requires the use of certain e-mails related to Ms. Canosa.

15. There is no anonymity concern in Ms. Canosa's case. Indeed, largely through her own efforts, Ms. Canosa's allegations have been widely publicized. This is true of many of the other accusers in the various civil actions. Indeed, in each of the civil actions, the names of the plaintiffs and their allegations against Mr. Weinstein were made public when that person publicly filed suit; in these cases there is no anonymity to protect.

16. Mr. Weinstein understands that certain of his accusers have remained anonymous and that the laws of certain applicable jurisdictions may protect such anonymity. Mr. Weinstein intends that any order permitting him to use the e-mails will provide for sufficient protection of the identity of those accusers. As with the previous requests the Court has granted, Mr. Weinstein proposes to use an anonymous identifier such as "confidential witness [x]" for accusers who have remained anonymous. However, for those accusers that have levied their accusations publicly, as has Ms. Canosa, among others, Mr. Weinstein should be allowed to respond publicly.

17. Mr. Weinstein also anticipates that in the near future he will be required to make similar use of the produced e-mails in his other pending criminal and civil matters, as well as in the ongoing insurance coverage actions. Rather than continue to come to this Court each time he is required to use the e-mails, Mr. Weinstein now seeks an order that will permit the broad use of exculpatory materials in all of the pending actions.

18. It is Mr. Weinstein's belief that these e-mails are material and exculpatory. As such, he must be permitted to use the e-mails in order to refute numerous materially false allegations levied against him. Indeed, after this Court previously permitted the use of a limited segment of the e-mails, one count of the criminal allegations against Mr. Weinstein was dismissed. The productions made under the 2004 Order contain numerous other similarly exculpatory e-mails between Mr. Weinstein and his accusers.

19. In light of this need to use the e-mails in connection with his pending criminal, civil and insurance coverage actions and based on the refusal of the Debtors, the Committee and counsel to the named plaintiffs in the civil actions to agree to a reasonable protocol permitting the use of the e-mails, Mr. Weinstein brings this Motion.

## REQUEST

20.     Pursuant to section 105(a) of the Bankruptcy Code, Mr. Weinstein respectfully requests that the Court modify the requirement of paragraph 3 of the 2004 Order to permit the use of any documents obtained in the Production in connection with any pending criminal, civil and insurance coverage actions related to which Mr. Weinstein is a party.

## BASIS FOR REQUEST

21.     It is well settled that a "Bankruptcy Court plainly ha[s] jurisdiction to interpret and enforce its own prior orders." *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009); *In re Lazy Days' RV Ctr. Inc.*, 724 F.3d 418, 423 (3d Cir. 2013) (noting that the Bankruptcy Court was "well suited to provide the best interpretation of its own order"). Further, under 11 U.S.C. § 105(a), "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out" the Bankruptcy Code's provisions. Section 105(a) thus "codif[ies] the bankruptcy court's inherent power to enforce its own orders." *Back v. LTV Corp. (In re Chateaugay Corp.)*, 213 B.R. 633, 640 (S.D.N.Y. 1997).

22.     The clear thrust of the 2004 Motion's request for e-mails was that the production of the e-mails was necessary in order to permit Mr. Weinstein to preserve his due process rights and to defend himself against the numerous accusations levied against him both civilly and criminally. That he would actually use the e-mails in court filings is plainly within the scope this Court intended when it entered the 2004 Order.

23.     Moreover, while many of the e-mails will be made in public court filings, in instances where it is appropriate (for example where an Alleged Accuser has remained anonymous) the particular accuser's name, e-mail address and any other personal information will be redacted or otherwise shielded from public view.

24. In instances where a person has named herself by *publicly suing* Mr. Weinstein, however, Mr. Weinstein does not propose to redact the accusers' names. How a person who has made public accusations is entitled to require the accused to respond in a way that "preserves" the accuser's anonymity is not clear to Mr. Weinstein. Nor is it clear how it is even possible to do so. More important, it is not clear on what basis Mr. Weinstein should not be permitted to respond equally publicly.

25. It appears instead that the "anonymity" objection motivated primarily by the Alleged Accusers' personal animus towards Mr. Weinstein and a desire to prevent his use of documents that undermine their cases against him. Obviously, there is no privilege that protects a litigant from evidence simply because it undermines his or her case.

26. The Committee has expressed the concern that the other parties should be permitted equal use of the e-mails, and to that end Mr. Weinstein is not opposed to a rational mechanism for other parties to the litigation against him being provided access to all e-mails that relate to the applicable litigation.

27. As discussed above, Mr. Weinstein intends to use the e-mails in a fashion that would preserve the anonymity of those accusers who have remained anonymous, but submits that his due process rights require that he be able to respond publicly to accusations made publicly.[5]

28. Thus, Mr. Weinstein requests that this Court enter an order, substantially in the form attached hereto as **Exhibit C** (the "**Proposed Order**"), modifying the requirement of paragraph 3 of the 2004 Order to permit the use of any documents obtained in the Production in

---

[5] Mr. Weinstein does, however, propose that any e-mails filed publicly would be redacted to keep e-mail addresses, phone numbers and other contact information of his public accusers (other than their name) confidential.

7

connection with any pending criminal, civil and insurance coverage actions related to which Mr. Weinstein is a party.

## NOTICE

29. Notice of this Motion will be served on (i) counsel to the Debtors; (ii) counsel to the Committee; (iii) counsel of record to all plaintiffs that have filed civil claims against Mr. Weinstein; (iv) parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002; and (v) the Office of the United States Trustee. Mr. Weinstein submits that under the circumstances and in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, Mr. Weinstein respectfully requests that the Court (i) enter the Proposed Order, and (ii) order such further relief as is just and proper.

Dated: December 6, 2018
Wilmington, Delaware

**BAYARD, P.A.**

*/s/ Scott D. Cousins*
Scott D. Cousins (No. 3079)
Justin R. Alberto (No. 5126)
Daniel N. Brogan (No. 5723)
600 N. King Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
scousins@bayardlaw.com
jalberto@bayardlaw.com
dbrogan@bayardlaw.com

*Counsel for Harvey Weinstein*