Phyllis Kupferstein, Esq. [SBN 108595]
pk@kupfersteinmanuel.com
Cynthia L. Zedalis, Esq. [SBN 118447]
cz@kupfersteinmanuel.com
Kupferstein Manuel LLP
865 South Figueroa Street
Suite 3338
Los Angeles, California 90017
Telephone: (213) 988-7531
Facsimile:  (213) 988-7532

Attorneys for Defendant
Harvey Weinstein

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE HUETT, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE WEINSTEIN COMPANY LLC, BOB WEINSTEIN and HARVEY WEINSTEIN,<br><br>　　　　　　　Defendants. | CASE NO.:  2:18-cv-6012 SVW (MRW)<br><br>**DEFENDANT HARVEY WEINSTEIN'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY** |

　　　Defendant Harvey Weinstein, by his attorneys Kupferstein Manuel LLP, respectfully submits this reply memorandum of law in further support of his motion to stay this proceeding pending resolution of the related criminal case in which he was indicted on felony charges on May 30, 2018, and for which he is scheduled to stand trial on May 6, 2019.  For the reasons set forth below and in the moving papers, Weinstein's motion should be granted in all respects.

---

**DEFENDANT HARVEY WEINSTEIN'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY**

## Preliminary Statement

Weinstein should not be forced to litigate a civil action when he is a defendant in a pending criminal case for which a guilty verdict could lead to a prison term of 25 years to life. The criminal trial is scheduled for May 6, 2019, and to safeguard Weinstein's Fifth Amendment right against self-incrimination, which "is the most important consideration" on a motion to stay, this case should be stayed.

The arguments set forth in Plaintiff's opposition fail to overcome the undue burden on Weinstein if he is forced to put his constitutional rights against self-incrimination at risk in a case in which Plaintiff alleges the same type of sexual misconduct—a sexual assault—as the charges brought against Weinstein by the New York District Attorneys' Office. Plaintiff admits she alleges that Weinstein purportedly used "force, fraud or coercion" to cause her to have sex with him. Dkt. 48 at 3. She further admits that she alleges that Weinstein's purported conduct constituted a pattern and practice of coercing aspiring actors and models to engage in sexual activity with him. *Id*. Further, Plaintiff's claim that a stay should not be granted here because Weinstein is engaging in "discovery" in the pending bankruptcy of his former employer is similarly flawed. In the bankruptcy proceeding involving The Weinstein Company and related entities, Weinstein *sought* discovery, in the form of his personal property, including documents and emails, in order to assist his *criminal* defense team in his upcoming trial in New York. By comparison, in the event Weinstein is ordered to *respond* to discovery in this *civil* case, he would be forced to choose whether to invoke his Fifth Amendment right against self-incrimination and thereby prejudice his defense of this case, or waive the privilege and thereby prejudice his defense of the criminal case. These facts, and others, all weigh in favor of staying this action until the criminal proceedings are resolved. Thus, pursuant to fundamental principles of due process, Weinstein's motion to stay should be granted.

1

**DEFENDANT HARVEY WEINSTEIN'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY**

**Argument**

**I. THE OVERLAP BETWEEN PLAINTIFF'S CLAIMS AND THOSE ALLEGED IN THE CRIMINAL ACTION ARE SIGNIFICANT**

Plaintiff fails to successfully distinguish the claims asserted against Weinstein in this action from those subject to the pending criminal case in New York. In both actions, the claims against Weinstein arise from alleged sexual assault. The fact that Plaintiff is not a complaining witness in the criminal matter is insufficient to defeat this motion to stay, as testimony in a related civil action can constitute an admission of criminal conduct in a related criminal prosecution. *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 92 (2d Cir. 2012). This risk is particularly high in this case as Plaintiff may be called as a propensity or prior bad act witness in the upcoming criminal trial. Consequently, Weinstein will have no choice but to invoke his Fifth Amendment right against self-incrimination given the possibility that testimony and evidence adduced in this case could be used against him at the criminal trial. *See Green v. Crosby*, 177 F. Supp. 3d 673, 680 (D. Mass. 2016) (granting stay of discovery in defamation action where there was a risk that discovery produced by defendant in the case could be admissible in his criminal assault trial). Further, Plaintiff may seek to use that invocation to argue that Weinstein cannot contest liability, which is another factor favoring a stay of discovery in this case.

Importantly, Plaintiff cannot ignore the allegations of her First Amended Complaint (Dkt. 1-5) on which she bases her cause of action against Weinstein for unlawful sex trafficking in violation of 18 U.S.C. § 1591. In that pleading, Plaintiff alleges, in paragraph 42, that when Weinstein purportedly met with her in a hotel room in Los Angeles, he "knew that he would use fraud, physical force, or coercion *(as he had done many times before to other young aspiring actresses)* on Plaintiff for a sexual encounter." (Emphasis added.) Plaintiff also alleges, in paragraph 44, that when

Weinstein purportedly coerced Plaintiff into a sexual act, it was "a *typical practice* of Harvey Weinstein, as it was *common* for him to lure young females into his room with the promise of an attractive role or entertainment project, and then coerce them into a sexual encounter." (Emphasis added.)

By these allegations, Plaintiff seeks to show that the manner in which Weinstein purportedly assaulted her was virtually identical to that allegedly experienced by other women, including those who are complaining witnesses in the criminal case brought by the New York District Attorney. In essence, to support her sex trafficking claim, Plaintiff will seek to prove that Weinstein is a serial sexual predator.[1] Thus, Plaintiff's assertion that her civil claim and the criminal charges differ because "forcible compulsion" is a required element of a sex offense under New York's criminal statute is nonsensical in this context. As shown above, Plaintiff alleges in her complaint that Weinstein purportedly engaged in a pattern or practice of using physical force or coercion to engage in sex with women. She also alleges that, with respect to her purported encounter with Weinstein, Weinstein "displayed persistence and would not take 'no' for an answer,", and "coerced Plaintiff into sexual activity in his hotel room …." Dkt. 1-5, ¶¶ 16, & 45.

The inherent overlap between Plaintiff's sex trafficking claim in this case and the New York criminal charges is clear. It is simply not possible for Weinstein to participate in his defense of this case without trampling upon his Fifth Amendment privilege and without, at the same time, prejudicing his defense in the criminal proceedings.

## II.  THAT WEINSTEIN HAS BEEN INDICTED WEIGHS IN FAVOR OF A STAY OF THIS CASE

In her opposition to Weinstein's motion, Plaintiff gives short shrift to the

---

[1] Weinstein vehemently denies all allegations of sexual assault, rape, and sexual misconduct.

**3**

DEFENDANT HARVEY WEINSTEIN'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY

fact that Weinstein has been indicted in New York on multiple counts of sexual assault and rape, for which he faces a potential prison sentence of 25 years to life. The overwhelming majority of cases support Weinstein's argument that a defendant's indictment weigh strongly in favor of a stay. *See, e.g., Louis Vuitton,* 676 F.3d at 101; *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989). Indeed, the "strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Securities & Exchange Comm'n v. Dresser Indus.,* 628 F.2d 1368, 1375-76, (D.C. Cir.), *cert. denied*, 449 U.S. 993 (1980). *See also Jones v. Conte*, 2005 WL 1287017, *1 (Apr. 19, 2015, N.D. Cal.) (internal quotation omitted); *Continental Ins. Co. v. Cota,* 2008 WL 4298372, *2 (N.D. Cal. Sept. 19, 2008) (stating that the extent to which fifth amendment rights are implicated by a civil proceeding is the *first* consideration when evaluating a stay request).

Not only is Weinstein under criminal indictment, his criminal trial is scheduled for May 6, 2019. He and his counsel will be fully engaged in preparing for what will be an intense, closely-watched trial that is expected to last several weeks from jury selection through verdict. It would be an overwhelming burden for Weinstein to have to litigate this case at great risk to his right against self-incrimination and at the expense of his time and efforts to prepare for a criminal trial. *See Parker v. Dawson,* 2007 U.S. Dist. 63068, at *16 (Aug. 27, 2017 E.D.N.Y.) (granting stay and stating that the progression of criminal proceedings to the point where a trial may be imminent weighs in favor of a stay). Simply, Weinstein should not at this time be burdened with having to defend himself in this action for an alleged incident that occurred in 2010 (but which was not brought until 2017, well after the statute of limitations had run for sexual assault under California law), when he is facing a long prison sentence if convicted in a few months' time.

1 Plaintiff argues in her opposition that her rights to proceed in this civil litigation are paramount to Weinstein having to invoke his Fifth Amendment privilege, which will implicate his defense in the criminal proceeding. Plaintiff's reliance on *Mendez v. City of Gardena*, 2014 U.S. Dist. LEXIS 200690 (May 30, 2014, C.D. Cal.), in which the court granted the plaintiff's motion to compel responses to discovery, is wholly misplaced, for the facts of that case bear no resemblance to those present here. In *Mendez*, unlike in this case, the police officers for the defendant city were *not* under indictment and no criminal charges were pending against them. *Id.*, *8. Thus, in granting the motion to compel, the court found that the "'precise degree of overlap of factual and legal issues remains unknown in the absence of an actual indictment.'" *Id.*, *10 (citing *eBay, Inc. v. Digital Point Solutions, Inc.*, 2010 U.S. Dist. LEXIS 23253 (Feb. 25, 2010, N.D. Cal.)).

Similarly, Plaintiff's citation to *Roberts v. Brown*, 2014 U.S. Dist. LEXIS 95597 (July 14, 2014, C.D. Cal.), does not support her opposition. In *Roberts,* the *plaintiff*, not the defendant, sought to stay his civil rights action against prison officials pending his ongoing criminal trial "arising out of different facts." *Id.*, *1. In that case, one of the defendants opposed the stay because he did not want to "await resolution of the criminal cases before adjudicating his potential liability." *Id.*, *8. The court denied the stay, distinguishing the case from "several Ninth Circuit cases invoking the *Keating* analysis [which] have involved a defendant in a civil action seeking to stay the civil case pending resolution of a nearly identical criminal case," and finding that the defendant's prejudice outweighed any prejudice to the plaintiff. *Id.*

Therefore, it would be unjust for Weinstein to respond to Plaintiff's amended complaint alleging that he assaulted her in the same manner as other unnamed women and to participate in discovery when he stands trial for his life on criminal charges of sexual assault. That Plaintiff may have to wait for several

**5**

**DEFENDANT HARVEY WEINSTEIN'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY**

1 months for her civil case to progress does not come remotely close to outweighing the prejudice to Weinstein. Moreover, a limited stay, such as permitting third-party discovery only, would not advance the interests of justice and would prejudice Weinstein's defense. As a party defendant, Weinstein is entitled to attend hearings, depositions, and participate in the investigation of Plaintiff's claims. If this case is allowed to move forward, he will be unable to participate in his defense because, first, the terms of his bail do not allow him to travel outside New York and Connecticut, and this case is pending in Los Angeles; and, second, he will be spending countless hours with his criminal defense team preparing for the May 2019 trial in New York. Without the requested stay, the parties will be engaging in civil discovery while Weinstein is participating at trial. A stay will not only protect Weinstein's rights, but will, at the same time, enable the parties to have an understanding of future scheduling.

## III. PLAINTIFF FAILS TO SHOW THAT THE EQUITIES BALANCE IN HER FAVOR AND AGAINST A STAY

Plaintiff attempts to show that she will suffer prejudice because, if a stay is issued, her quest for a monetary judgment against Weinstein will be delayed. This contention is not sufficient to overcome the equities that weigh in favor of Weinstein, who would be forced to risk self-incrimination and diversion of his time and energy just months before the commencement of his criminal trial. Even though Plaintiff may be inconvenienced if a stay is issued, "under settled authority the Fifth Amendment is the more important consideration." *Volmar Distribs. v. N.Y. Post Co.*, 152 F.R.D. 36, 40 (S.D.N.Y. 1993).

Plaintiff's other arguments concerning prejudice are similarly unavailing. She argues that books, records, and other evidence may have been taken from the TWC offices. (*See* attached Exhibits to Plaintiff's opposition reflecting activity in the TWC Bankruptcy.) Weinstein's recovery of his personal property from his previous employer has no bearing on Plaintiff's ability to preserve evidence in this

case. Certainly Plaintiff is in possession of emails by and between herself and Weinstein, assuming they exist. At the conclusion of the stay, Plaintiff may seek documents relevant to her claim from Weinstein.

The judicial and public interests also weigh in favor of a stay. As the Court is aware, this matter remains in a pre-answer stage and Weinstein is scheduled to stand trial in May 2019; thus, the delay to this Court by a stay would be minimal. Unlike the *Mendez* case, in which the defendants were awaiting criminal indictment, Weinstein has, in fact, been indicted and is facing trial in a few short months. The stay will not be indefinite, as Plaintiff suggests, and a stay will not defeat the interests of judicial efficiency. Now is the appropriate time to stay this action.

Lastly, the public interest is best served by protecting the integrity of the ongoing criminal case and preventing a situation in which Weinstein's Fifth Amendment right against self-incrimination is jeopardized in a related civil matter. *See Maloney v. Gordon*, 328 F. Supp. 2d 508, 510 (D. Del. 2004) ("The public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant.") (internal citation omitted); *Crawford & Sons v. Besser*, 298 F. Supp. 2d 317, 319 (E.D.N.Y. 2004) ("the public's interest is also served by preserving the integrity of the criminal case"). Additionally, "to the extent any evidence produced by Defendant in discovery here could influence the criminal case, the court notes that 'the public interest in unimpeded criminal law enforcement outweighs the civil interests here." *Green*, 177 F. Supp. 3d at 680 (quoting *SEC v. Telexfree, Inc.*, 52 F. Supp. 3d 349, 353 (D. Mass. 2014)).

Thus, because the constitutional privilege against self-incrimination is a bedrock principle of this country's criminal law and the public interest is best served by it not being put at risk by forcing a defendant to simultaneously litigate related criminal and civil matters, this Court should exercise its discretion and issue a stay of this proceeding pending resolution of the criminal matters pending

against Weinstein.

## Conclusion

WHEREFORE, for the reasons set above and in the moving papers, Defendant Harvey Weinstein respectfully requests that this Court grant his motion and enter an order staying this matter, pending resolution of the ongoing criminal case against Weinstein in New York.

Dated:  February 7, 2019          **KUPFERSTEIN MANUEL LLP**

By: */s/ Phyllis Kupferstein*
Phyllis Kupferstein
Cynthia L. Zedalis
865 South Figueroa Street, Suite 3338
Los Angeles, California 90017
(213) 988-7531
pk@kupfersteinmanuel.com
cz@kupfersteinmanuel.com

*Attorneys for Defendant Harvey Weinstein*