UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-6012-SVW-MRW | Date | February 28, 2019 |
|---|---|---|---|
| Title | *Dominique Huett v. The Weinstein Company LLC et al.* | | |

## JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS [41]

### I.   Background

In her First Amended Complaint ("FAC") filed in state court on January 31, 2018, Plaintiff Dominique Huett ("Plaintiff") sought damages against The Weinstein Company LLC, Bob Weinstein, and Harvey Weinstein for negligence and unlawful sex trafficking. Dkt. 1-5. The claims against The Weinstein Company were stayed pending its Chapter 11 bankruptcy filing on March 19, 2018. Dkt. 1-15 at 4, Attachment C. Defendant Harvey Weinstein ("Defendant") removed to this Court on July 10, 2018. Dkt. 1. Bob Weinstein was voluntarily terminated as a defendant on October 3, 2018. Dkt. 33. On November 5, 2018, this Court denied Defendant's motion to dismiss. Dkt. 39.

Defendant Weinstein now seeks to stay the proceedings in a motion filed on November 28, 2018. Dkt. 41.

### II.   Legal Standard

A court may decide in its discretion to stay civil proceedings when the interests of justice require it. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citing *SEC v. Dresser Indus. Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980), *cert. denied*, 449 U.S. 993 (1980)); *see also United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970). Although a stay of civil proceedings pending the outcome of criminal proceedings is not required by the Constitution, *Keating*, 45 F.3d at 324, "[i]n the absence of substantial prejudice to the rights of the parties involved, such parallel proceedings are unobjectionable." *Dresser Indus. Inc.*, 628 F.2d at 1374.

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-6012-SVW-MRW | Date | February 28, 2019 |
|---|---|---|---|
| Title | *Dominique Huett v. The Weinstein Company LLC et al.* | | |

"The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case,'" including "'the extent to which the defendant's [F]ifth [A]mendment rights are implicated.'" *Keating*, 45 F.3d at 324 (quoting *Fed. Sav. & Loan Ins. Corp. v Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)). In deciding whether to stay civil proceedings pending parallel criminal proceedings, courts consider several factors: (1) the plaintiff's interest in proceeding expeditiously; (2) the burden on the defendant; (3) judicial efficiency; (4) non-party interests; and (5) the public interest. *Id.* at 324-25.

**III.    Analysis**

    **A.    Defendant's Fifth Amendment Rights**

Defendant argues that if this case proceeds, he will be placed in the "quandary of choosing between waiving his Fifth Amendment rights or effectively forfeiting the civil case." Dkt. 41-1 at 9. The argument is that Defendant would be "forced to choose either to testify in the civil case, thereby waiving [his] right to remain silent in the criminal case, or to assert [his] privilege against self-incrimination in the civil case, thereby irreparably injuring [his] chance of prevailing on the merits of that case." *Int'l Bus. Machs. Corp. v. Brown*, 857 F. Supp. 1384, 1389 (C.D. Cal. 1994). "Courts have recognized that there is a strong case in favor of a stay after a grand jury returns a criminal indictment and where there is a large degree of overlap between the facts involved in both cases." *ESG Capital Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1045 (C.D. Cal. 2014).

Here, Defendant is scheduled to stand trial pursuant to a criminal indictment in New York County on May 6, 2019.[1] Brafman Decl. ¶ 1 (Dkt. 41-2); Dkt. 49 at 1. Plaintiff argues that a stay is not warranted due to the lack of factual overlap between the civil and criminal proceedings. Dkt. 48 at 2-3. The New York District Attorney has provided formal notice to Defendant that it will be seeking to admit claimed evidence of reported uncharged similar acts of sexual conduct. Dkt. 41-1 at 3. This statement is significant, because Defendant's alleged conduct in this case may constitute a reported uncharged similar act of sexual conduct, leading to factual overlap between the civil and criminal proceedings. For this reason, the Court finds that proceeding with the civil case in parallel with the criminal case may implicate Defendant's Fifth Amendment rights.

---

[1] The criminal case involves six counts of sexual assault and rape against a different alleged victim. Brafman Decl. ¶ 4.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-6012-SVW-MRW | Date | February 28, 2019 |
|---|---|---|---|
| Title | *Dominique Huett v. The Weinstein Company LLC et al.* | | |

**B.     Plaintiff's Interest**

Although Plaintiff has an interest in proceeding expeditiously, this Court does not find that a stay would cause substantial prejudice. This is especially so given that the alleged conduct in this case took place in 2010. FAC ¶ 11. There is also no reason to believe that the availability of witnesses, documents, or other evidence would be affected by a stay. Nor would a stay cause undue delay given the upcoming criminal trial date.

**C.     Judicial Efficiency**

The Court has an interest in "clearing its docket" and promoting judicial efficiency. *Molinaro*, 889 F.2d at 903. A stay will not harm this interest. To the contrary, completion of the criminal proceedings may help to resolve related civil proceedings. Furthermore, because a trial date has been set in the criminal case, the delay here will be limited and does not inconvenience the Court.

**D.     Other Factors**

The remaining *Keating* factors, the interests of non-parties and the public, do not weigh strongly in favor of either party's position in this case.

**E.     Summary**

Based on its analysis of the relevant factors, the Court finds that a stay is warranted and exercises its discretion to grant Defendant's motion. Plaintiff is ordered to provide a status report on the status of the criminal proceedings within ninety days from the date of this order.

**IV.     Conclusion**

For these reasons, the Court GRANTS Defendant's motion to stay the proceedings and ORDERS Plaintiff to file a status report within ninety days from the date of this order.

IT IS SO ORDERED.

_____ : _____
Initials of Preparer
PMC